# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## MARCH TERM, 1909.

---

### HAMMOND *v.* GEORGIAN COMPANY.

"Generally an injunction will not issue to restrain the breach of a contract for personal services, unless they are of a peculiar merit or character, and can not be performed by others." Civil Code, § 4919. And in the present case, neither under the pleadings nor the evidence does it appear that the services stipulated for in the contract, to enjoin the breach of which the petition was brought, were of such a peculiar merit or character as to take the case without the general rule and authorize the granting of the injunction sought.

Argued January 24,—Decided June 29, 1909

Injunction. Before Judge Pendleton. Fulton superior court. December 7, 1908.

*John L. Hopkins & Sons,* for plaintiff in error.

*Anderson, Felder, Rountree & Wilson,* contra.

BECK, J. The Georgian Company, publisher of a daily newspaper in Atlanta, filed a petition against Frank Hammond, asking that he be enjoined from giving his services to any company, person, or persons publishing a daily or other newspaper in Atlanta or elsewhere, except to the Georgian Company. It was alleged, that Hammond was under written contract of employment by that company for a term of five years from November 1, 1908; that he refused to give his time and services to said company as he contracted to do, but in violation of his contract had entered and was continuing in the service of the Atlanta Journal, a rival news-

1                                    1

paper; that the particular work for which his services were desired and for which he contracted with the Georgian Company was that of advertising solicitor; that, by reason of his long experience in this kind of work and his long residence in Atlanta, he controlled a large and valuable patronage among certain named classes of citizens whose advertising he was especially successful in procuring and placing; that he is unusually skillful and efficient as an advertising solicitor, and has special and extraordinary qualifications for this work; and that the damages which will result to the plaintiff if Hammond be not enjoined from giving his services to rival newspapers can not be estimated nor determined, but that they will be great and irreparable, especially since Hammond is insolvent. The written contract between the parties is as follows: "Agreement between the Georgian Company and Frank Hammond. This instrument witnesseth that the said Frank Hammond agrees to serve the Georgian Company for a term of five (5) years, beginning November 1st, 1908. In consideration of said services, the said Georgian Company agrees to pay the said Frank Hammond a weekly salary of thirty-five ($35.00) dollars. Entered into and agreed to by the undersigned on this the 13th day of October, 1908." (Signed by each party.)

It is admitted by Hammond that he is skillful and efficient as an advertising solicitor; but he denies that he possesses any peculiar or extraordinary qualifications for this work, or that the qualifications necessary to make an efficient and skillful advertising solicitor are different from those generally required in the successful pursuit of any commercial business. The court below granted the injunction as prayed, and Hammond excepted.

While there are cases in which a court of equity will enjoin the breach of a contract and compel one to abstain from performing personal services for other persons which he agreed to render exclusively to the plaintiff, there is nothing in the record before us to authorize a holding that the services which the plaintiff in error had undertaken to perform for the defendant in error were of such a character, or that the qualification of the plaintiff in error for the performance of those services was so unique as to bring the instant case within that class of cases where injunction is the proper remedy to redress the grievance of the injured party. "Generally an injunction will not issue to restrain the breach of

a contract for personal services, unless they are of a peculiar merit or character, and can not be performed by others." Civil Code, §4919. It will be noted that the latter part of this section is 'in the conjunctive: the services stipulated in the contract, to prevent a breach of which injunction is sought, must not only be of a peculiar merit or character, but they must also be of such a nature that they can not be performed by others. "But the services to be performed must be individual and peculiar because of their special merit or unique character; for otherwise the remedy at law would be adequate. But where the services involve the exercise of powers of the mind, as of writers or performers, which are peculiarly and largely intellectual, they may form the class in which the court would interfere upon the ground that they are individual and peculiar. Damages for the breach of such contracts are not only difficult to ascertain, but can not, with any certainty, be estimated; nor could the plaintiff procure, by means of any damages, the same services in the labor market as in case of ordinary contract of employment between an artisan, a laborer, or a clerk, and their employer." 2 Beach on Mod. Equity Jur. §772. To a similar effect is the following language by Mr. Pomeroy, in his work on Equity Jurisprudence: "Where a contract stipulates for special, unique, or extraordinary personal services or acts to be rendered or done by a party having special, unique, and extraordinary qualifications,—as, for example, by an eminent actor, singer, artist, and the like,—it is plain that the remedy at law of damages for its breach might be wholly inadequate, since no amount of money recovered by the plaintiff might enable him to obtain the same or the same kind of services or acts elsewhere, or by employing any other person." Both of the extracts from the two text-books cited are quoted as a part of the opinion in the case of *Burney* v. *Ryle*, 91 *Ga.* 701 (17 S. E. 986). The expression, "special, unique, or extraordinary personal services or acts, or such services or acts to be rendered or done by a party having special, unique, and extraordinary qualifications," has substantially the same meaning as the expression, "services . . of a peculiar merit or character, and [which] can not be performed by others." Or, rather, the expression quoted from the text-writer is an expansion of the very compact expression employed in our code. If the evidence in the record be carefully scrutinized and weighed,

after sifting out expressions used in the testimony which contain merely the opinions of the witnesses, and not a statement of facts, we find nothing to authorize the conclusion that the services which Hammond had contracted to render to the Georgian Company were of such a character as to authorize the enforcement of the contract by injunction. It is not even alleged in the petition that the services contracted to be rendered by Hammond were of a peculiar merit or character, and could not be performed by others. Relative to this feature of the case, the only allegations contained in the petition are as follows: "That the said Frank Hammond has had many years of experience in the newspaper business, and his services are particularly valuable as a solicitor of advertisements, and it was in this capacity that the Georgian Company, in the main, intended to employ him, of which he was duly advised. That the said Frank Hammond is an unusually skillful, efficient, and capable advertising solicitor, has a large clientele and patronage, and is able to procure and influence a large amount of valuable advertisements for any paper with which he may be connected." And as a part of the evidence introduced by the plaintiff, we find in the affidavit of S. E. Davidson, treasurer of the Georgian Company, the following: "He further says, that he has been acquainted with the said Frank Hammond for some months past, and is familiar with the said Hammond's past work as a solicitor of advertisements for newspapers; that the said Frank Hammond is a very successful, efficient, and capable advertising solicitor, and possesses peculiar and unusual qualifications for this kind of work; that the said Hammond has a special clientele and patronage, particularly among the merchants located upon Decatur street, and upon Peters street, and among the Jewish and Greek merchants in the city of Atlanta, and is able to influence a larger amount of patronage from this class of advertisers in the city of Atlanta than any other solicitor of advertisements located in said city. The said Frank Hammond has procured this patronage after a long residence in the city of Atlanta, and after devoting himself very closely towards its cultivation, and no other person known to deponent in the city of Atlanta has the same influence with this class of advertisers as he has, and no other person could become as well qualified to influence and procure the business from the clientele and patrons with whom the said Frank

Hammond affiliates until after a long period of special application thereto, and particular experience with this class of advertisers." Testimony of a similar nature was contained in the affidavit of another witness for petitioner. Now, omitting that part of the testimony which contains merely the conclusions of the witness, what is there to show that the services which, under the contract, were to be performd by Hammond were individual and peculiar because of their special merit or unique character? As to what description of service the doctrine applies to, that an injunction will be denied unless the services are unique or extraordinary, or are services of a party having special, unique, and extraordinary qualifications, see Gossard Co. *v.* Crosby, 132 Iowa, 155 (109 N. W. 483 6 L. R. A. (N. S.) 1115, and the cases cited in the note). See also 3 Pom. Eq. Jur. §1343; 22 Cyc. 857; 6 L. R. A. 653; 7 L. R. A. 382, 779. *Judgment reversed. All the Justices concur.*