## PAXSON *v.* BUTTERICK PUBLISHING COMPANY.

1. Where a manufacturer of patterns and a merchant contract that the former will furnish certain patterns during a series of years, according to stated deliveries, and that the latter will constantly keep on hand and sell such patterns and none other, and will make monthly payments of accrued indebtedness, and stipulate that "failure or neglect by either party to perform any provision of this order will, at the option of the other, release the other party from all obligations hereunder," and where the manufacturer refuses to furnish patterns unless the merchant pays up past-due indebtedness, the manufacturer is not entitled to enjoin the merchant from selling the patterns of another manufacturer within the period specified in their contract.
2. "Generally an injunction will not issue to restrain the breach of a contract for personal services unless they are of a peculiar merit or character, and can not be performed by others." The evidence did not show that the defendants' services, as stipulated in the contract, were of such peculiar merit or character as to take the case out of the general rule enunciated in the code section.

AUGUST 22, 1911.

Injunction. Before Judge Whipple. Wilcox superior court. April 8, 1911.

*M. B. Cannon,* for plaintiffs in error. *Hal Lawson,* contra.

Evans, P. J.  The Butterick Publishing Company and Paxson Brothers entered into a written contract whereby the former contracted to sell the latter a certain quantity of patterns, and the latter engaged to constantly keep on hand and sell the former's patterns, to order at least a stated amount of patterns monthly, and to pay accrued indebtedness on the 15th of each month.  The contract was for three years, and longer if not terminated by three months written notice of either party.  The contract contained this stipulation: "Failure or neglect by either party to perform any provision of this order will, at the option of the other, release the other party from all obligations hereunder."  The Butterick Company continued to ship goods under the contract until Paxson Brothers became indebted to them in a certain amount and had several times defaulted in their payments.  Paxson Brothers ordered certain patterns, which the Butterick Company refused to ship unless Paxson Brothers settled their past-due indebtedness. Paxson Brothers then notified the Butterick Company that they deemed their refusal to furnish patterns as a violation of the contract, and that they elected to treat the contract as at an end, and purchased and undertook to sell patterns obtained from another manufacturer.  Whereupon the Butterick Company filed its petition against Paxson Brothers to enjoin them from selling any patterns, except those of the plaintiff, until the termination of the contract.  The court granted an interlocutory injunction.

1.  The failure of Paxson Brothers to pay for the patterns agreeably to their contract entitled the Butterick Company to terminate the contract at its option.  Failure to make payments for articles delivered under a contract during a series of years, to be delivered in installments and paid for monthly, entitles the vendor to rescind the contract.  *Savannah Ice Co.* v. *American Refrigerator &c. Co.*, 110 *Ga.* 142 (35 S. E. 280).  It would be unjust to compel the vendor to continue to make deliveries to one who continues to default in his payments.  The parties to the contract did not wish any doubt to cling around this principle of law as applied to their contract, and incorporated its essence in the stipulation that "failure or neglect by either party to perform any provision of this order will, at the option of the other, release the other party from all obligations hereunder."  When Paxson Brothers ordered additional patterns, the Butterick Company was put to an election

to rescind the contract because of the default of Paxson Brothers in making payments, or to comply with its covenants. Whether or not we treat the refusal to furnish patterns unless past-due installments are paid as a rescission, certainly it is not in a position, after refusing to furnish patterns, to enjoin the defendants from selling patterns elsewhere obtained, on the ground that they contracted to sell exclusively the Butterick patterns. *Smith* v. *Georgia Loan &c. Co.,* 113 *Ga.* 975 (39 S. E. 410) ; *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100).

2. Although not pressed in the argument, we think also that the principle announced in the Civil Code (1910), § 5496, controls the disposition of this case. That section reads: "Generally an injunction will not issue to restrain the breach of a contract for personal services, unless they are of a peculiar merit or character, and can not be performed by others." The grounds set forth in the petition for injunction were, that the plaintiff conducted its business through exclusive agencies, and the success of a particular agency depends upon the character and business enterprise of the agent and the location of the agency's establishment, with reference to the number of persons or establishments capable of undertaking an agency of this kind in a given locality, and that damages for breach of contract can not be estimated in money, because the plaintiff's injury is not confined to loss of sales, but includes loss of commercial prestige, loss of custom, and loss of those advantages which are the natural accretion of a substantial business, which would result from the agent abandoning his contract with the plaintiff and engaging to sell the patterns of a competitor; that the damage is irreparable, because it is unable to procure, in the vicinity of the defendants' premises, an equally competent agency for the sale of its products. Insolvency was neither alleged nor proved. Nor did it appear at the hearing that the plaintiff was not able to procure other merchants to sell its products, or that the defendants possessed any special facilities superior to other merchants in the town for the sale of their wares. We think the case as made by the evidence is controlled by the cited code section, and by the case of *Hammond* v. *Georgian Company,* 133 Ga. 1 (65 S. E. 124).

*Judgment reversed.* *Beck, J., absent. The other Justices concur.*