19929. KESSLER *et al.* v. PURITAN CHEMICAL CO.

DUCKWORTH, Chief Justice. Two of the plaintiffs in error entered into employment contracts to sell petitioner's products and merchandise in specifically designated territories,

and agreed that, during the the time of their employment and for two years after the termination thereof, they would not engage in competition in the area covered by their contracts on behalf of themselves or others. Puritan Chemical Company, the defendant in error and petitioner, sought to enjoin the defendants from conspiring with each other and others to form a competitive business and engage in the sanitary-supply business, in the territory included in the employment contracts, before their contracts had terminated and within two years after the termination of their employment with the petitioner. Demurrers to the petition were filed, heard, and overruled; and after an interlocutory hearing the defendants were temporarily enjoined as prayed. A stipulation was entered before the hearing that two of the defendants, who were the former employees that had executed the employment contracts containing the negative restrictive covenants, had solicited business within the restricted area of the contracts and had sold, and the defendant corporation had shipped goods, to customers who had previously been solicited for business by these defendants as salesmen for the petitioner. The exceptions are to the overruling of the demurrers, to certain rulings made during the hearing, and to the judgment temporarily enjoining the defendants as prayed. *Held:*

1. The petition alleging violations of negative restrictive covenants of employment contracts, which are reasonable as to time and area and not otherwise unreasonable, the court did not err in overruling the demurrers thereto as to the defendants who were parties to the contracts. While other businesses might fall within the broad category of the language used to describe the petitioner's business "or any phase thereof," it is not so indefinite and vague as to be unreasonable, such contracts being divisible as to all other businesses except those similar to the petitioner's. See *Hood* v. *Legg,* 160 *Ga.* 620 (4) (128 S. E. 891); *Shirk* v. *Loftis Brothers & Co.,* 148 *Ga.* 500 (97 S. E. 66). Compare also *McCullough Brothers* v. *Speer,* 175 *Ga.* 521 (165 S. E. 585); *Friedman* v. *Friedman,* 209 *Ga.* 653 (74 S. E. 2d 860).

2. But the petition fails to allege a cause of action against the

defendant corporation and the defendant wife of one of the petitioner's former employees, neither of whom are parties to the contracts containing the restrictive covenants. Hence, the court erred in overruling the demurrers as to them and in enjoining them as prayed, there being no reasons alleged or shown to prevent them from engaging in business in competition with the petitioner regardless of who the corporation's stockholders are or who might be the defendant wife's husband.

3. While plaintiffs in error sought to show by evidence that the written contracts had been on numerous occasions violated and disregarded, and as a result thereof the contracts were no longer valid and enforceable, the parties having allegedly substituted parol contracts in lieu of the written contracts, the evidence submitted was insufficient to show any departure from the restrictive covenants, although there may have been some changes in the contracts which were waived by the parties or agreed to in writing.

4. Having read with care the numerous and voluminous exceptions to rulings made by the court during the interlocutory hearing, none of which shows abuse of the court's wide discretion in hearing evidence during such a hearing, and the evidence and stipulation being sufficient to prove the allegations of the petition as against the remaining defendants, the court did not err in enjoining the former employees as prayed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JANUARY 16, 1958—DECIDED FEBRUARY 7, 1958—
REHEARING DENIED MARCH 7, 1958.

*Phillips & Johnson,* for plaintiffs in error.
*Heyman, Abram & Young,* contra.