21834.  BENNETT et al. v. KIMSEY et al.

SUBMITTED OCTOBER 9, 1962—DECIDED NOVEMBER 8, 1962.

*William S. Shelfer, Haas, Dunaway, Shelfer & Haas,* for plaintiffs in error.

*Charles H. Hyatt, Wm. G. Grant,* contra.

HEAD, Presiding Justice.  On January 2, 1962, Arnold R. Bennett signed an agreement reciting that he had sold to Robert B. Kimsey, Jr., his interest in the business known as Bennett's Ornamental Iron Works, which was a partnership composed of Arnold R. Bennett and Robert B. Kimsey, Jr.  Arnold R. Bennett agreed that for a period of two years from the date of the agreement, or for a period of one year after he leaves the employment of Bennett Iron Works, Inc., whichever is longer in point of time, he will not, as an individual, partner, stockholder of a corporation, employee, agent, or in any way whatsoever, with the excep-

tion of being employed by Robert B. Kimsey or Bennett Iron Works, Inc., within a radius of fifty miles of 3145 Tucker-Norcross Road, DeKalb County, Georgia, "engage in the ornamental iron works business which shall include but not be limited to engaging in the sale of ornamental iron, all types of steel, iron and metal fabrication for construction, structural steel and reinforcing steel."

On June 28, 1962, Robert B. Kimsey, Jr., doing business as Bennett's Ornamental Iron Works, and Bennett Iron Works, Inc., brought a petition against Arnold R. Bennett and Charles H. Bennett, doing business as Greater Atlanta Iron Works. A copy of the restrictive covenant agreement of Arnold R. Bennett was attached to the petition, and it was alleged that: On March 1, 1962, Arnold R. Bennett left the employment of Bennett Iron Works, Inc., and immediately began engaging in the construction of iron fabrication products in direct competition with the petitioners. Charles H. Bennett is purporting to be the owner of Greater Atlanta Iron Works located at 3387 Lawrenceville Highway, Tucker, Georgia, when in fact the business is that of Arnold R. Bennett, who furnished the capital for acquiring the assets of the business, and who is in direct control and supervision of the business. Charles H. Bennett, the brother of Arnold R. Bennett, has full knowledge of the restrictive covenant agreement, and has entered into the scheme for the purpose of evading the terms of the agreement.

It was prayed that Arnold R. Bennett be temporarily restrained and permanently enjoined from violating the restrictive covenant agreement, and that Charles H. Bennett be temporarily restrained and permanently enjoined from aiding and abetting Arnold R. Bennett in the violation of his agreement. It was also prayed that both defendants be temporarily restrained and permanently enjoined from engaging in the business described by the restrictive covenant agreement in the territory therein specified.

Arnold R. Bennett filed an answer denying that he has violated the restrictive covenant agreement as alleged in the petition. He attached to his answer a copy of an employment agreement dated January 6, 1962, between Bennett's Iron Works, Inc., and Arnold R. Bennett, and he asserted that this agreement superseded and

terminated the restrictive covenant agreement. Charles H. Bennett in his answer admitted that he is in the ornamental iron business and that he has borrowed money from Arnold R. Bennett, but he asserted that his brother owns no interest in the business and is not in any way associated with him in it.

At the conclusion of the interlocutory hearing the trial judge temporarily restrained Arnold R. Bennett from engaging in the ornamental iron business as described in the restrictive covenant agreement in the area therein specified, and temporarily restrained Charles H. Bennett from aiding and abetting him in so doing. The judge further temporarily restrained Arnold R. Bennett and Charles H. Bennett from engaging in the ornamental iron works business within a radius of fifty miles of 3145 Tucker-Norcross Road, DeKalb County, Georgia. Arnold R. Bennett and Charles H. Bennett assigned error in their bill of exceptions on this order, and on the overruling of two motions made prior to the order.

■ Attached to and immediately following the bill of exceptions is what purports to be a brief of the evidence on the hearing. This purported brief of the evidence is not referred to in the certificate of the trial judge, and is not identified by him as being a correct brief of the evidence. Where a purported brief of the evidence is not incorporated in the bill of exceptions, or attached as an exhibit thereto properly identified by the trial judge, or embodied in an approved brief of the evidence and brought up as a part of the record, such purported brief can not be considered by this court as evidence. *Attaway v. Duncan*, 206 Ga. 230 (1) (56 SE2d 269); *Blackwell v. Farrar*, 208 Ga. 757, 758 (69 SE2d 574); *Cornett v. Justice*, 209 Ga. 375 (72 SE2d 724); *Giles v. Peachtree Pantries, Inc.*, 209 Ga. 536 (74 SE2d 545); *Cobb v. DeLong*, 216 Ga. 794, 796 (120 SE2d 177).

Consequently, in the present case it will be assumed that every proof authorized by the pleadings necessary to support the order was produced on the trial. *Pope v. United States Fidelity &c. Co.*, 193 Ga. 769 (4) (20 SE2d 13). The only questions that can be decided by this court are the questions of law made by the bill of exceptions.

■ It is recited in the bill of exceptions that the defendants

(plaintiffs in error here) moved to dismiss the petition on the ground that the restrictive covenant agreement was unreasonable in that it was indefinite as to territory; the territory described was more than was necessary for the protection of the petitioners; and the description of the business was too indefinite, general, and all-inclusive.

In view of the nature of the business described in the restrictive covenant agreement, it does not appear, from the allegations of the petition, that a radius of fifty miles of a stated address was unreasonable, indefinite, or more than was necessary for the protection of the petitioners. *Kutash v. Gluckman,* 193 Ga. 805 (20 SE2d 128). Following the general description "ornamental iron works business" the specific description is preceded by the words, "which shall include but not be limited to engaging in the sale of ornamental iron, etc." The contract gives a specific description of the "ornamental iron works business," and the words "but not be limited to" would not be construed as covering any other business except that described by the specific language. *Kessler v. Puritan Chemical Co.,* 213 Ga. 845 (102 SE2d 495). The petition was not subject to dismissal on the grounds of this motion.

■ The bill of exceptions recites that the defendants introduced in evidence the contract dated January 6, 1962, which was attached to the answer of Arnold R. Bennett, and this contract is set out in the bill of exceptions. It is recited that the defendants made an oral motion "in the nature of a general demurrer to dismiss plaintiffs' petition upon the ground that under the pleadings and the evidence before the court the plaintiffs' petition should be dismissed for the reason that the petition was based upon a contract between the parties . . . dated January 2, 1962, and it appearing that there was in evidence in the case a subsequent contract between the same parties dated the 6th day of January, 1962, which defendants contended was a novation."

This motion is not properly designated as being in the nature of a general demurrer to the petition, since the contract of January 6, 1962, was not referred to in the petition. The construction of a contract is a question of law for the court. *Code* § 20-701. Since the judgment granting the interlocutory injunc-

tion would be erroneous if the contract on which the petition is based has been superseded and terminated by a subsequent agreement, the question made by this motion is one that can be reviewed under the assignment of error in the bill of exceptions without reference to the evidence at the hearing.

The contract of January 6, 1962, was an employment agreement between Bennett's Iron Works, Inc., signed by its president, Robert B. Kimsey, Jr., and Arnold R. Bennett. Paragraph 5 of the contract is in part as follows: "The Employee shall not during the term of said employment compete with the business of the Employer in any manner and the Employee hereby agrees to abide by all of the terms of a 'Restrictive Covenant Agreement' given by Arnold R. Bennett as a part of the sale of his partnership interest in Bennett's Ornamental Iron Works to Robert B. Kimsey." Paragraph 7 of the contract is as follows: "It is mutually understood and agreed that this agreement shall and hereby does terminate, cancel and supersede any and all other agreements between the parties relating to, or in any way connected with, this employment relationship."

The contract of January 2 was executed in connection with the sale of partnership property by Arnold R. Bennett to Robert B. Kimsey. The contract of January 6 was an employment contract, and purports only to cancel and supersede all other agreements connected with "this employment relationship." By paragraph 5 Arnold R. Bennett expressly agreed to abide by the restrictive covenant agreement given by him as a part of the sale of his partnership interest in Bennett's Ornamental Iron Works to Robert B. Kimsey. The contention of the defendants can not be sustained that the contract of January 6 superseded and terminated the contract of January 2.

■ As shown by the first division of this opinion, there was no brief of evidence in the record which can be considered by this court, and it will be assumed that every proof authorized by the pleadings necessary to support the order was produced on the trial. We therefore affirm the judgment of the trial judge temporarily restraining Arnold R. Bennett from engaging in the ornamental iron business as described by the restrictive covenant agreement in the area described therein.

The petition alleged a cause of action against Charles H. Bennett for aiding and abetting Arnold R. Bennett in violating his agreement. *National Linen Service Corp. v. Clower,* 179 Ga. 136 (6) (175 SE 460); *Kirshbaum v. Jones,* 206 Ga. 192 (56 SE2d 484). It will be assumed that the proof authorized a judgment temporarily restraining him from so doing.

The petition did not state a cause of action to enjoin Charles H. Bennett from engaging in the ornamental iron works business. He was not a party to the restrictive covenant agreement, and there is no reason alleged which would prevent him from engaging in business in competition with the petitioners. *Kessler v. Puritan Chemical Co.,* 213 Ga. 845, supra. It was error to restrain Charles H. Bennett from engaging in the ornamental iron works business.

*Judgment affirmed in part; reversed in part. All the Justices concur.*