22094. MOORHEAD et al. v. LUTHER et al.

SUBMITTED JULY 9, 1963—DECIDED SEPTEMBER 5, 1963.

*Robert L. Mitchell,* for plaintiffs in error.

*Scott Hogg, Marvin Shoob, Shoob & McLain,* contra.

ALMAND, Justice. Mr. and Mrs. Robert Moorhead sought to enjoin the defendant Belvedere Plaza, Inc. from continuing to permit the defendants Mr. and Mrs. Victor Luther from selling or offering for sale items within the hobbies line or directly related thereto and to enjoin the Luthers from selling or offering for sale items within the hobbies line. The separate general demurrers of the defendants were sustained. The Moorheads seek a review of this order.

■ Count 1 of the petition alleged: that Belvedere Plaza is the owner of a shopping center in DeKalb County and that on February 8, 1961, it executed a written lease of store space to the Moorheads for a term of five years; that before the lease was signed the Moorheads were assured that they would have

the exclusive right to sell "phonograph records and hobbies, including items directly related thereto" in the Belvedere Plaza Shopping Center; that under the lease, a copy of which is attached to the petition, the Moorheads have an exclusive right to sell "phonograph records and hobbies, including items normally directly related thereto"; that Belvedere executed subsequently a lease to the Luthers for a store in the shopping center granting them the right to sell "toys and merchandise kindred thereto, but excluding items within the hobbies line, motors, train accessories and repair parts, and those items which are not normally sold as a complete toy items, purposes and no other"; that when the Moorheads learned that the Luthers were selling items within the hobbies line and directly related thereto they complained to Belvedere and the Luthers but Belvedere refuses to take any action to require the Luthers to comply with their lease and the Luthers refuse to discontinue the sale of items in the hobbies line.

An examination of the written lease discloses not one word to support the claim that Belvedere granted the Moorheads the exclusive right to sell "phonograph records and hobbies, including items normally directly related thereto." Since the Moorheads rely solely on their claim to such exclusive right by virtue of the written lease and no such right is granted therein the Moorheads are not entitled in count 1 to any equitable relief against Belvedere or the Luthers.

■ Count 2 adopts all of the allegations of count 1 except the one paragraph which asserted that the written lease gave the Moorheads the exclusive right to sell the enumerated items. The only additional allegations are: that Belvedere, as an inducement and consideration for the plaintiffs' execution of the lease, orally agreed that it would not lease space in the shopping center to anyone else, or permit anyone else, to sell or offer for sale items within the hobbies line or directly related thereto; that the plaintiffs executed the lease in reliance upon said oral agreement; that had the plaintiffs not been assured by the defendant Belvedere that it would not lease space to others, or permit others to sell or offer for sale items within the hobbies line or directly related thereto, plaintiffs would not have

executed the subject lease. The prayers of count 1 are adopted in toto.

This count discloses that the Moorheads are seeking to enjoin Belvedere from leasing space to the Luthers who would sell or offer for sale items within the hobbies line or directly related thereto and that Belvedere had executed a lease to the Luthers to sell certain items in the hobbies line. Even if it be assumed that the alleged oral agreement of Belvedere not to lease space to anyone else for the sale of such items was a valid and binding agreement, the Moorheads are seeking to enjoin an act that has been completed. The remedy by injunction is to prevent, prohibit or protect from future wrongs and does not afford a remedy for what is past. *Shurley v. Black,* 156 Ga. 683 (2a) (119 SE 618); *Hapeville-Block Inc. v. Walker,* 204 Ga. 462 (50 SE2d 9). As against Belvedere count 2 fails to show any right to injunctive relief.

Nor does count 2 show any right to injunctive relief against the Luthers. The petition fails to reveal that they were parties to any contractual agreement between Belvedere and the Moorheads or that they had any knowledge of the alleged oral agreement between such parties or that they had anything to do with the alleged breach of the contract by Belvedere. The ruling in *Kessler v. Puritan Chemical Co.,* 213 Ga. 845 (2) (102 SE2d 495), is applicable and controlling here: "2. But the petition fails to allege a cause of action against the defendant corporation and the defendant wife of one of the petitioner's former employees, neither of whom are parties to the contracts containing the restrictive covenants. Hence, the court erred in overruling the demurrers as to them and in enjoining them as prayed, there being no reasons alleged or shown to prevent them from engaging in business in competition with the petitioner regardless of who the corporation's stockholders are or who might be the defendant wife's husband." See *Bennett v. Kimsey,* 218 Ga. 470 (4) (128 SE2d 506).

It was not error to sustain the general demurrers of the defendants to both counts and to dismiss the petition.

*Judgment affirmed. All the Justices concur.*