### 22975. WOOD et al. v. BOWERS BATTERY & SPARK PLUG COMPANY.

CANDLER, Presiding Justice. The exception here is to a judgment temporarily enjoining the defendants from engaging in a competing business with that of the plaintiff. From evidence introduced on the interlocutory hearing and especially from that given by Wallace Peacock, one of the defendants, the trial judge was authorized to find: The plaintiff sold its products, namely, batteries, acid, spark plugs and fast chargers in Macon, Ga., and in the area embraced within a 50-mile radius of that city. Prior to October 15, 1964 each of the defendants, as employees of the plaintiff, had sold its products in Bibb County and in other middle Georgia counties. In 1964 each of the two defendants entered into a separate distributor contract with the plaintiff to sell its products in Bibb County and in several other named counties in the vicinity of that county. Paragraph 26 of their distributor contracts with the plaintiff provides: "Competition: Second Party agrees that, during the term of this Agreement, and for a period of six months after the termination hereof, he, directly or indirectly, shall not deal in or handle in any way merchandise in competition to that merchandise of the First

Party within a fifty (50) mile radius of Macon, Ga." Their distributor contracts were terminated by the plaintiff on January 21, 1965, because they had organized a company and were selling Decca batteries and spark plugs in competition with the plaintiff, their employer in the restricted area and defendants are now operating a business known as Central Georgia Battery Company and in the conduct of it, they are soliciting business from the plaintiff's customers and are selling Decca batteries and spark plugs in Macon and through-out the area embraced within a fifty-mile radius from Macon in competition with the plaintiff's business. As to the extent of the defendants' competing operations with the plaintiff's business and the area of such operations, the defendant Peacock on cross examination was asked and in response thereto gave the following answers: "Q. Can you give any idea to the court how many Decca batteries you have sold since you got that supply of merchandise in a couple of weeks ago? A. Myself or between the two of us? Q. Both of you? A. I would say it was somewhere in the neighborhood of two to three hundred, give or take, fifty either way. Q. So you have had a very substantial sales effort during that period of time, is that correct? A. Yes, sir. Q. And you are selling them throughout the whole 50 mile radius of Macon, Georgia where you formerly operated for Bowers? A. Yes, sir. Q. Is that correct? A. Yes, sir." This witness further testified on cross examination that he would not say that the plaintiff was selling its products in every town in every county embraced within the restricted area. In these circumstances we hold that the trial judge did not err, as defendants contend, in temporarily enjoining them from violating the terms of their distributor contracts with the plaintiff—contracts which we hold under the facts of this case are reasonable both as to time and territory. As authority for this holding, see *Ogle v. Wright*, 187 Ga. 749 (2 SE2d 72) ; *Griffin v. Vandegriff*, 205 Ga. 288 (53 SE2d 345) ; and *Northeast Georgia Artificial Breeders Assn. v. Brown*, 209 Ga. 547 (74 SE2d 660). *Orkin Exterminating Co. of South Ga. v. Dewberry*, 204 Ga. 794 (51 SE2d 669) ; *Artistic Ornamental Iron Co. v. Wilkes*, 213 G. 654 (100 SE2d 731) ; *Thomas v. Coastal Industrial Services, Inc.*, 214 Ga. 832 (108 SE2d 328) ; and *WAKE Broadcasters, Inc. v. Crawford*, 215 Ga. 862 (114 SE2d 26), do not require a ruling

different from the one here made, since the evidence in this case, unlike that in those cases, shows that the plaintiff was selling his products throughout the restricted area.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1965—DECIDED JULY 8, 1965—REHEARING DENIED JULY 26, 1965.

*William K. Buffington,* for plaintiffs in error.
*Jones, Sparks, Benton & Cork, A.O.B. Sparks, Jr.,* contra.