23005, 23006. WALLACE BUSINESS FORMS, INC. v. ELMORE et al.; and vice versa.

DUCKWORTH, Chief Justice. This is an action to enjoin alleged violations of a negative restrictive covenant in an employment contract brought against three named defendants and a corporation. The petition alleges one of the defendants was a former employee who had executed contracts containing the restrictive covenant not to engage, directly or indirectly, for himself or as agent or employee of another in the manufacture, selling or buying of printed forms or supplies

of the type that have been or are being sold by said business within 100 miles of Atlanta, a suboffice of the business, for a period of one year after termination of employment; that the corporation solicits and calls on various business establishments within the restricted area using business record-keeping systems and data processing systems which plaintiff designs, manufactures and sells to its customers, including the supplies, systems and forms as needed, all of which have been developed over many years· of research and training of its employees; that the defendant former employee thus acquired such intimate knowledge of the business and had contacts with plaintiff's customers as a salesman and agent; that he and the other defendants formed the defendant corporation to compete with the plaintiff in the Atlanta trade area; and that they are aiding and abetting this defendant in violating his contract in competing against plaintiff. Demurrers were filed to the petition as amended, thereafter heard and overruled, and after an interlocutory hearing the court refused to grant a temporary injunction. The plaintiff excepts to the failure of the court to grant the temporary injunction as prayed, and the defendants except by cross bill to the overruling of their general demurrers to the petition as amended. *Held:*

This case is controlled by *Kessler v. Puritan· Chemical Co.,* 213 Ga. 845 (102 SE2d 495), in that the petition which alleges a cause of action against the defendant who was a party to the contract based on a valid consideration, reasonable as to time and area and not otherwise unreasonable, fails to allege a cause of action against the defendant corporation and other defendants competing against the plaintiff, none of whom are parties to the contract and who in free enterprise are entitled to obtain any and all information available to them lawfully to actively compete in their field of endeavor under the American system of free enterprise, the petition failing to show any malicious tortious acts on their part to cause the defendant former employee to violate his contract. Likewise, the evidence was sufficient to show the defendant former employee had admittedly violated his contract and should be enjoined as prayed. Thus the lower court erred in failing to sustain the demurrers as to all of the defendants except the former employee and in failing to temporarily enjoin him from violating his former contract of employment.

*Judgment reversed in part and affirmed in part, both as to the main bill and cross bill of exceptions. All the Justices concur.*

ARGUED JUNE 15, 1965—DECIDED JULY 8, 1965—
REHEARING DENIED JULY 26, 1965.

*Sheats, Parker & Webb, John Tye Ferguson, Bertram S. Boley,* for plaintiff in error.

*Best, Chambers & Mabry, Eugene P. Chambers, Jr., Charles H. Hyatt,* contra.