### 23287.   WILLIAMS et al. v. RIO GRANDE FENCE COMPANY.

CANDLER, Presiding Justice.   On July 16, 1965, Rio Grande Fence Company, a Georgia corporation, filed a suit in the Superior Court of Bibb County against Jack R. Williams, a resident of Bibb County, and United Fence Company, a partnership composed of Bryon L. Pennell, Jr. and Dan M. Mitchell, residents of Muscogee County, Ga.   As amended, the petition alleges: Petitioner and the defendant United Fence Company are both engaged in the business of selling, constructing and installing fences of all kinds and types in Macon, Ga., and elsewhere.   On October 2, 1963, petitioner entered into a written contract with the defendant Williams by the terms of which the former employed the latter for a period of not less than one month as its sales representative at a weekly salary of $60 beginning on October 3, 1963.   The contract provides that either party thereto may terminate it at any time after one month from its date by giving the other party 14 days' notice of its or his intention to do so. By such contract Williams agreed that he would not during the term of his employment and for a period of two years immediately following termination thereof directly or indirectly accept employment as a sales representative from any

person, partnership, or corporation engaged in the fence business in Macon and within a radius of 50 miles therefrom —an area in which the petitioner (Rio Grande Fence Company) had established a valuable and extensive trade through solicitation by its sales representatives and by advertising media. The petition further alleges that the defendant Williams voluntarily terminated his employment with the petitioner on February 9, 1965, without giving it any notice of his intention to do so and on the following day accepted employment from the defendant United Fence Company, petitioner's competitor, and pursuant to such employment is, as its sales representative, selling and installing fences of all kinds and types for it in direct competition with petitioner in Macon and in the surrounding contract-restricted area. A copy of the employment contract between petitioner and the defendant Williams was attached to and made a part of the petition. The prayers are that the defendant Williams be temporarily and permanently enjoined from violating the terms of his employment contract with petitioner and that the defendant United Fence Company be likewise enjoined from aiding and abetting the defendant Williams in violating the provisions of his employment contract with petitioner. The defendants interposed separate but like demurrers to the amended petition which attack it on the ground that its allegations are insufficient to state a cause of action against any of the defendants for the relief sought since the employment contract relied upon by the petitioner is null and void because it imposes an unreasonable restraint upon the defendant Williams' right to accept like employment for the two-year period of time immediately following termination of his employment with the petitioner from any other person, corporation or partnership in such restricted area and also because it imposes an employment restriction on him which is unnecessary to protect the petitioner's trade or business. These demurrers were overruled and the defendants appealed that judgment to this court for review. *Held:*

1. In several recent cases this court has held that a restrictive covenant in a contract of employment whereby a person agrees not to engage in an occupational activity of a particular kind which is reasonably limited as to time and territory, is valid and enforceable so long as it is not un-

reasonable in other respects. Here the employment restriction as to time is for a period of two years immediately following termination of the defendant Williams' employment for any cause and in an area where the plaintiff has by solicitation through its sales representatives and by advertising media established and built up a profitable trade or business, and following the full-bench decisions of this court in *Orkin Exterminating Co. v. Mills*, 218 Ga. 340 (127 SE2d 796) and *Wood v. Bowers Battery &c. Co.*, 221 Ga. 215 (144 SE2d 101), we hold that the limitation of two years and the area embraced within a 50-mile radius of Macon where the plaintiff had established a profitable and valuable trade or business are not unreasonable either as to time or area. Hence, as to the defendant Williams, we hold that the amended petition stated a cause of action for the relief sought; and this is especially true where, as here, the defendant Williams had accepted employment from plaintiff's competitor to perform services of the same nature which he had performed for his former employer in the area fixed and restricted by the terms of their contract.

2. But as to the defendant United Fence Company, which was not a party to the contract relied upon, and following the unanimous decision of this court in *Kessler v. Puritan Chemical Co.*, 213 Ga. 845 (102 SE2d 495), we hold that the amended petition failed to state a cause of action for the relief sought against it; and this is true for the reason that the plaintiff's amended petition alleges no malicious tortious act on this defendant's part which caused or induced the defendant Williams to terminate his employment and breach the terms of his contract with the plaintiff Rio Grande Fence Company. While it is true that the amended petition alleges that this defendant had knowledge of the defendant Williams' employment contract, it nevertheless fails to allege any act or conduct on this defendant's part which induced or caused the defendant Williams to breach the terms of his contract with the plaintiff. For a like holding, see *Wallace Business Forms, Inc. v. Elmore*, 221 Ga. 223 (144 SE2d 82).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED DECEMBER 14, 1965—DECIDED JANUARY 6, 1966.

*Melton, McKenna & House, Mitchel P. House, Jr.,* for appellants.

*Frank M. McKenny,* for appellee.