23509. SPALDING v. SOUTHEASTERN PERSONNEL OF ATLANTA, INC.

23510. ROBERT SPALDING ASSOCIATES, INC. v. SOUTHEASTERN PERSONNEL OF ATLANTA, INC.

ARGUED JUNE 14, 1966—DECIDED JULY 7, 1966.

Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr., Donald E. O'Brien, for appellants.

William W. Daniel, Johnson, Harper & Daniel, for appellee.

QUILLIAN, Justice. ■ In case No. 23509 the individual appellant argues the contract is unilateral since it provided that during the term of the agreement "the company, in its sole judgment, deems that the employee has violated any provision, term, or condition of this contract, the company may terminate this contract by giving the employee two (2) weeks' written notice." Thus, the contract is at the whim of the employer and is for only a 15-day period.

We find no merit in this argument. The contract was for a one-year term, with automatic renewal, and had been performed by both parties for over a year. In *Breed v. National Credit Assn.*, 211 Ga. 629, 632 (88 SE2d 15), where various terms of the contract, including the time of employment, were concededly vague, this court pointed out that performance by the parties supplies mutuality and held: "The test of mutuality is to be applied as of the time the contract is to be enforced; and if the promisee accomplishes the object contemplated, then the promise is rendered valid and binding." *Griffin v. Vandegriff*, 205 Ga. 288, 295 (53 SE2d 345); *Thomas v. Coastal Industrial Services*, 214 Ga. 832 (1) (108 SE2d 328); *McMurray v. Bateman*, 221 Ga. 240, 254 (144 SE2d 345).

Moreover, this court has held that a covenant is not unreasonable merely because the employer reserved the right to terminate the employee's services at any time with or without cause. *The Insurance Center v. Hamilton,* 218 Ga. 597, 603 (129 SE2d 801).

The individual appellant also urges that the contract was unreasonable as to time and territory and was otherwise unreasonable. "Although contracts in general restraint of trade are void as being contrary to public policy (*Code* § 20-504), 'a contract concerning a lawful and useful business in partial restraint of trade and reasonably limited as to time and territory is not void.'" *Thomas v. Coastal Industrial Services,* 214 Ga. 832 (2), supra. The test to be applied to contracts of this nature is stated in *Turner v. Robinson,* 214 Ga. 729, 730 (107 SE2d 648): "if considered with reference to the situation, business, and objects of the parties, and in the light of all the surrounding circumstances with reference to which the contract was made, the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not specially injurious to the public, the restraint will be held valid."

In the instant case the contract pointed out cogent reasons why the employer would suffer loss if after the employee's termination he, for himself or on behalf of others who might subsequently employ him, should "call upon any of the prospective employers and solicit business from them or from the clients of the company, or engage in such business within a radius of thirty . . . miles of the main office of the company." Under the holdings of numerous decisions of this court, neither the time nor territory was unreasonable. See *The Insurance Center v. Hamilton,* 218 Ga. 597, 602, supra, and cases therein cited.

The appellant further contends that the effect of this contract is to bar him from employment with any competitor in any capacity whatsoever; that such stipulation is unreasonable under the pronouncements of *Dixie Bearings v. Walker,* 219 Ga. 353 (133 SE2d 338), and *Stein Steel & Supply Co. v. Tucker,* 219 Ga. 844 (136 SE2d 335). It is sufficient to observe that the

contract in this case prohibits only specified activity, to wit: engaging in a capacity in which the employee "will perform any of the duties or responsibilities which he has agreed to perform in this contract. . ." Hence, the cited cases would not be applicable. See in this connection *Bennett v. Kimsey*, 218 Ga. 470 (128 SE2d 506).

Finally, the appellant contends that the provisions stating that "within said time or distance" the employee would not "solicit, divert or attempt to take away any of the clients or prospective employers or prospective employees, or the business or patronage of such clients of employers" is too vague, indefinite and ambiguous to be enforceable. The clause complained of merely prohibits solicitation of present and future clients within the prescribed time and territory and is enforceable. See *Kessler v. Puritan Chemical Co.*, 213 Ga. 845 (102 SE2d 495).

The trial judge did not err in overruling the individual defendant's general demurrer to the petition.

■ This court has held in order to state a cause of action against a defendant corporation, not a party to the contract, the petition must allege malicious tortious acts on the corporation's part to cause the defendant former employee to violate his contract. *Wallace Business Forms v. Elmore*, 221 Ga. 223, 224 (144 SE2d 82); *Williams v. Rio Grande Fence Co.*, 221 Ga. 633, 635 (146 SE2d 630). Although the petition contained numerous averments as to the connection between the individual and the corporate defendants and that the corporate defendant was organized for the purpose of accomplishing what the individual defendant could not do, there were no allegations of such malicious tortious conduct on the corporate defendant's part, causing or inducing the individual defendant to terminate his employment and breach the terms of his contract, as would make out a cause of action against the corporate defendant. The trial judge erred in overruling its demurrer to the petition.

*Judgment affirmed in Case No. 23509. Judgment reversed in Case No. 23510. All the Justices concur.*