46161. KOLE et al. v. LINKENHOKER et al.
(377 SE2d 671)

BELL, Justice.

This appeal involves the issue of the enforceability of an alleged promise by a property owner not to lease his property to a business

that would compete with an existing store on adjoining land. Relying on *Moorhead v. Luther*, 219 Ga. 242 (132 SE2d 669) (1963), the trial court held, inter alia, that the promise, even if made and valid, could not be enforced because the tenant had no notice of the promise. For the reasons that follow, we conclude that the trial court properly concluded that the tenant's lack of notice means the contract is not enforceable in equity against the tenant.

In 1969 and 1972, appellants Kole and Robinson (Kole) bought a tract of land (in two parcels) from appellee Linkenhoker. They now lease the land to appellant Builderama, Inc., of which Kole is president. Adjacent to the Builderama land, Linkenhoker kept a 13-acre tract (the Linkenhoker property). In 1984, Linkenhoker began plans to develop his 13-acre tract into a shopping center. To develop the property Linkenhoker obtained the assistance of appellee Tri-Kell Investments to provide developmental planning services. Stephen Wisenant is president of Tri-Kell. To satisfy perceived problems of ingress and egress to the Linkenhoker property, Linkenhoker and Wisenant came up with a plan that impacted on the access to Builderama's property. Wisenant thereafter met with Kole concerning whether Kole would negotiate regarding Linkenhoker's proposed rerouting of traffic. Kole testified that at this meeting he questioned whether Linkenhoker's land would ever be leased to a competitor of Builderama; he added that he would never have negotiated regarding Linkenhoker's plan had he known that Linkenhoker might put a competitor next to him. Kole testified that Wisenant promised him that Linkenhoker would never lease to a competitor of Builderama. Wisenant denies making such a promise.

The negotiations on Linkenhoker's plan took several years, and culminated on July 29, 1987, when Linkenhoker and Kole signed a Reciprocal Easement Agreement settling the problems relating to access, and a Restrictive Covenant Agreement in which Linkenhoker agreed to size and height restrictions regarding any building on his property. Neither of these agreements mentioned any agreement by Linkenhoker not to lease his property to a competitor of Builderama.

In September 1987, Linkenhoker transferred his property to appellee Oglethorpe Associates, in which he is a limited partner with Tri-Kell. On September 8, 1987, the appellee Home Depot signed a lease to become a tenant on Linkenhoker's property. When Kole learned of the lease, he verified it with Home Depot's president, Arthur Blank. However, Kole did not contact Blank until more than a day after Home Depot signed the lease.

In December 1987, Kole filed suit against Linkenhoker, Tri-Kell, and Oglethorpe Associates alleging breach of the alleged oral contract not to lease the Linkenhoker property to a Builderama competitor. Home Depot was later added as a party. Kole sought specific per-

formance of the oral contract and an injunction prohibiting the developers and Home Depot from carrying out the Home Depot lease or prohibiting the developers from leasing to any other Builderama competitor. Kole later amended the complaint to seek (from all except Home Depot) $500,000 damages for breach of contract and not less than $2,000,000 punitive damages for fraud and intentional concealment of material facts.

The trial court assumed the existence and validity of the oral contract, but denied injunctive relief based on this court's decision in *Moorhead v. Luther*, supra. The court held, inter alia, that the appellants could not enjoin the Home Depot lease because "Home Depot was unaware that [Kole] disapproved of Home Depot entering the September 8, 1987, lease." The court did not reach the issue of damages. The appellants appeal the denial of injunctive relief. We affirm.

In *Moorhead* the Moorheads leased store space in a shopping center from Belvedere Plaza, Inc., for the purpose of selling "phonograph records and hobbies." Id. at 243. In the lease with the Moorheads, Belvedere covenanted that it would not lease other space in the shopping center to a competitor of the Moorheads. Belvedere, however, did lease space to a competitor of the Moorheads (the Luthers), and the Luthers moved into their leased space and began operations. After the Luthers began operations, the Moorheads brought suit to enjoin the Luthers' lease.

In *Moorhead*, supra at 244, we held, inter alia, that the Moorheads had no right to injunctive relief against the Luthers because the Luthers had no notice of the use restriction.

*Moorhead's* statement regarding notice is correct. On numerous occasions we have held that agreements entered into by the owner of land restricting the use that the owner can make of the land can be enforced by the grant of injunctive relief against a person not a party to the restrictive agreement if the person had actual or constructive notice of the restriction before purchasing or leasing the land. E.g., *Guerin v. Webster,* 233 Ga. 521 (212 SE2d 352) (1975); *Rosen v. Wolff*, 152 Ga. 578 (1, 2, 3) (110 SE 877) (1921); *Langenback v. Mays*, 207 Ga. 156 (1, 2) (60 SE2d 240) (1950).

In the instant case the trial court found that Home Depot did not have actual notice before it signed its lease. Moreover, our examination of the record shows[1] that under no reasonable reading of the record can it be said that Home Depot had constructive notice of the alleged oral agreement. Cf. *Rosen*, supra, 152 Ga. (3).

Based on the foregoing, we conclude that the trial court correctly denied Kole injunctive relief. We therefore affirm the judgment.

---

[1] The trial court did not make an express finding on this issue.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1989.

*Buchsbaum & Lowe, Aaron L. Buchsbaum, Alan S. Lowe,* for appellants.

*King & Spalding, Ralph B. Levy, Gregory S. Smith, Malberry Smith, Jr., William P. Franklin, Jr., Patricia C. Tanzer,* for appellees.