## A90A0194. KOLE et al. v. LINKENHOKER et al.
### (395 SE2d 378)

CARLEY, Chief Judge.

Appellant-plaintiffs and appellee-defendants are adjoining land-owners. Alleging the violation of an oral agreement not to lease to a competitor, appellants brought suit against appellees and sought equitable and legal relief. The trial court's denial of appellants' claim for equitable relief was affirmed by the Supreme Court. *Kole v. Linkenhoker*, 259 Ga. 82 (377 SE2d 671) (1989). Thereafter, appellees moved for summary judgment as to appellants' claims for legal relief. The trial court granted appellees' motion for summary judgment, and appellants appeal.

1. Appellants assert that a genuine issue of material fact remains as to their breach of contract claim. The alleged oral contract was made in the context of preliminary negotiations regarding appellants' support for appellees' future development of their property. According to appellants, when an inquiry was made as to whether appellees planned to lease to a competitor, the following response was given: "We would never consider anything like [that]. Don't even think anything like that."

Even assuming without deciding that appellees' Statute of Frauds and lack of consideration defenses are not viable, it is nevertheless clear that this alleged "promise" would not otherwise constitute an enforceable anti-competition agreement. It contains no provision as to its duration. "[T]he validity of such restrictive covenants is subject to the *overriding requirements* that, as to territoriality and/or *duration*, they be reasonably necessary to protect the interests of the covenantee, that they not impose greater restrictions upon the covenantor than are necessary for the covenantee's protection, and that they not unduly prejudice the interests of the public. [Cits.]" (Emphasis supplied.) *Webster v. Star Distrib. Co.*, 241 Ga. 270, 272 (a) (244 SE2d 826) (1978).

Construing the evidence most favorably for appellants, the most that is shown is that appellees may have expressed their preliminary amenability to reaching a *future* anti-competition agreement in consideration for appellants' support for the planned development of appellees' adjoining property. It is undisputed, however, that no such specific and enforceable agreement was even reached. It follows that the trial court did not err in granting summary judgment in favor of appellees as to appellants' breach of contract claim. " 'Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. (Cits.)' [Cit.] . . . ' "An agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto." [Cit.]' [Cit.]" *Hartrampf v. C & S Realty Inves-*

*tors*, 157 Ga. App. 879, 881 (1) (278 SE2d 750) (1981).

2. Likewise, the trial court correctly granted summary judgment in favor of appellees as to appellants' fraud claim. "[T]here is no question that the promises made by [appellees] were prospective in nature, and '(a)ctionable fraud cannot be based on statements and promises as to future events.' [Cits.]" *Hudson v. Venture Indus.*, 147 Ga. App. 31, 34 (2) (248 SE2d 9) (1978), aff'd 243 Ga. 116 (252 SE2d 606) (1979).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 25, 1990.

*Buchsbaum & Lowe, Aaron L. Buchsbaum, Alan S. Lowe*, for appellants.

*King & Spalding, Ralph B. Levy, Gregory S. Smith, Malberry Smith, Jr.*, for appellees.