### Dunn *v*. Abrams.

1. Although a policy of life insurance stipulated on its face that it should not take effect until the first premium was paid, it was not rendered invalid because the application signed by the insured before he received the policy (and which was copied in and made a part of the policy) stated that the first premium had not been paid, when as a matter of fact this first premium was, before the delivery of the policy, paid to the company by the agent who wrote the insurance; and the payment of such premium by the agent, in pursuance of an agreement between him and the insured, was a valuable consideration for a promissory note given to the agent by the insured.

2. A statement by an insurance agent that the first premium upon a policy would be $213, when in fact it was $222.50, is not such a misrepresentation as will make void a promissory note for the former sum given by the insured to the agent, who, by agreement, paid the first premium and sought to collect from the insured only the amount of the note.

3. The verdict was demanded by the evidence, and therefore the court did not err in directing the jury to find the same, nor in refusing to set it aside.

February 21, 1896.    Atkinson, J., being disqualified, Judge Callaway, of the Augusta circuit, was designated to preside.

Complaint on note.    Before Judge Sweat.    Appling superior court.    February 7, 1895.

*E. D. Graham* and *E. P. Padgett*, for plaintiff in error.
*T. A. Parker* and *Atkinson & Dunwody*, contra.

Callaway, Judge.

J. B. Abrams sued J. D. Dunn for $213.00 principal, besides interest and attorneys' fees, due on a promissory note dated March 15th, 1893.    The note was given by Dunn to Abrams, who was an insurance agent, for a loan of $213.00, to pay the first premium on a policy of life insurance written for Dunn by the company which Abrams represented.

Dunn pleaded failure of consideration in the note, because the policy contained on its face the following requirement:    "This policy shall not take effect until the first premium is paid while the insured is in good health"; and

also contained in a copy of the application for insurance, which was attached to and made a part of the policy, a statement that the first premium had not been paid. Abrams was to pay the first premium, and as a matter of fact did pay it in the regular course of his dealings with the company, and received from the company the proper receipt for the premium before the policy was delivered to the insured. The recital of non-payment in the application is not conclusive as to the fact of payment, and when as a matter of fact it was paid, and the company issued its regular receipt therefor, this was a compliance with the above requirement in the face of the policy, and it was not invalid because of such recital in the application. The payment of this premium by Abrams was a valuable consideration for the note sued on.

Dunn further pleaded that the note was void, because of misrepresentations made by Abrams, as to the policy, to induce him to take the insurance and give the note; that Abrams represented that the first premium would be $213.00, and that no future annual premium would amount to as much as $200.00, whereas the policy, which was in evidence, recited that each annual premium, including the first, was $222.50. The notice of the call for the second annual premium, which was the only evidence as to the amount of future premiums, stated that the premium was $222.50, diminished by a dividend of $46.13, leaving the amount due by Dunn on the premium $176.37. These facts do not support a plea of misrepresentation. The first premium was $222.50, instead of $213.00 as Abrams represented it would be; but, whatever it was, Abrams paid it, and only called on Dunn to pay the amount of the note, $213.00, which was the amount that he represented the first premium would be. The misrepresentation was immaterial and harmless to Dunn, and he cannot avoid payment of the note on that account. The evidence further disclosed that Dunn kept the policy for the entire period

covered by the first premium, and never offered to surrender it to the company or have it changed in any respect.

We do not think the court erred in directing a verdict for the plaintiff.        *Judgment affirmed.*