## 3061.  CUMMINGS *r.* THE STATE.

For a person to defend himself against a felonious assault, even though in
doing so he fires a pistol and thereby disturbs a near-by congregation
assembled for divine worship, is not ordinarily to be considered such con-
duct as violates § 418 of the Penal Code of 1895.

DECIDED JANUARY 17, 1911.

Accusation of disturbing divine worship; from city court of
Dublin—Judge Hawkins. November 4, 1910.

*J. S. Adams,* for plaintiff in error.

*W. C. Davis, solicitor,* contra.

POWELL, J.  The defendant was charged with a violation of
§ 418 of the Penal Code of 1895, which reads as follows: "Any per-
son who shall, by cursing or using profane or obscene language, or
by being intoxicated, or otherwise indecently acting, interrupt, or
in any manner disturb, a congregation of persons lawfully assem-
bled for divine service, and until they are dispersed from such
place of worship, shall be guilty of a misdemeanor." There was
testimony to the effect that at a point variously estimated as being
from 300 yards to a half mile away from the church in question
another person made an unjustifiable, deadly assault upon the de-
fendant, and that the defendant returned fire with his pistol. Ac-
cording to the State's theory, the defendant's "indecently acting"
consisted in firing the pistol thus near the church. The defendant
duly requested the court to instruct the jury as follows: "If you
believe, from the evidence in the case, that the defendant shot his
pistol to defend himself, and that he was justified in so doing,
under the law, and that in so doing he had no intention of disturb-
ing divine worship, but only shot in his own defense, then he would
not be guilty of the crime charged; all of which are questions of
fact to be determined by the jury." The judge refused the request.

We think the court erred. The statute prohibits "indecently
acting," and this phrase, as related to the subject-matter of the
statute, has a wide range of meaning; but we do not think that it
is broad enough, even in its most extended meaning, to prohibit a
person from exercising the highly esteemed right of self-defense
against a felonious assault. Generally speaking, to shoot justifiably
is not to act indecently. Divine worship is sacred, but so also is the
defense of one's own life.

It is different where persons go to a church or near a church and engage in a fisticuff or similar encounter over some trivial provocation. In such cases it may be indecent to resent with a battery a provocation by words or by some slight assault, though the provocation might, so far as a prosecution for the battery is concerned, be a complete defense. In such cases the quarreling and fighting is, of itself, indecent and out of place. This is in effect the ruling in the *Minter* case, 104 *Ga.* 743 (30 S. E. 989). Circumstances alter cases; and a very different proposition is presented where one is called on to protect himself from a felony.

*Judgment reversed.*