## 5250. BROWN *v.* THE STATE.

1. That a brother of the sheriff who had summoned the jurors thereafter instituted the prosecution affords no ground to challenge the array of the jury thus summoned.

2. Though the number of jurors to be summoned is less in the city court of Bainbridge than in the superior court, the power of the judge of the city court to fill the panel is the same; and consequently the fact that it became necessary to fill the panel, and in so doing jurors who were qualified were summoned to complete the panel, affords no ground of challenge to the array.

3. A charge in an accusation that the defendant disturbed a congregation of persons lawfully assembled for divine service at a named church is sustained by proof that he disturbed the congregation upon the church grounds while they were dispersing after the conclusion of the religious service.

4. It is not a violation of section 412 of the Penal Code for a person to defend himself against a felonious assault, even though in so doing he disturbs a congregation 'assembled for divine worship, but the case is different when upon trivial provocation one engages in a fisticuff, or even "cusses and fusses." In such a case the quarreling and fighting may of itself be indecent and out of place.

5. Section 412 of the Penal Code, which is intended to prevent any disturbance of or interference with religious worship, continues the protection of the members of the congregation until they are .dispersed from the place of worship; and since there was evidence that the defendant was guilty of such language and conduct as to disturb the congregation while dispersing, the discretion of the trial judge in refusing to grant a new trial will not be controlled.

DECIDED NOVEMBER 25, 1913.

Accusation of misdemeanor; from city court of Bainbridge—Judge Spooner. September 19, 1913.

*G. G. Bower, J. P. Pelham,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.

RUSSELL, C. J. The defendant was convicted of a violation of section 412 of the Penal Code, which penalizes any disturbance of a congregation of persons lawfully assembled for divine worship, either during the service or so long as any portion of the congregation remains on the ground.

1. The accused challenged the array of jurors upon the ground that the prosecutor, J. H. Emanuel, was a brother of the sheriff who summoned the jurors. The court overruled the challenge, and this is the ground of the first exception. It plainly appears that at the time sheriff Emanuel served the jurors the prosecution had not been instituted by his brother, and that the alleged criminal

act was not committed until after the court had convened. In this view of the case it is plain that even if it could be supposed that the sheriff would have endeavored to influence the jury adversely to the defendant if the prosecution had been already pending, certainly this would not have been the case when he could not have foreseen that an act would be done for which his brother would institute a prosecution. For this reason the court properly overruled the challenge upon that ground. The ruling in *Phillips* v. *State,* 29 *Ga.* 105, is not in point.

2. The defendant also challenged the array upon the ground that the panel was filled by the presiding judge. Upon an examination of the act creating the city court of Bainbridge it appears that the judge of that court has the same power with reference to filling a panel of the jury as appertains to judges of the superior courts. The act provides that the jury shall consist of eighteen, each party being entitled to three peremptory challenges. In the superior court the number drawn by the judge is thirty-six, and may be limited to thirty, but when, because of service in other cases or for any other reason, it becomes necessary to fill the panel to twenty-four, the power of the judge of the superior court to do so, provided the persons selected are qualified jurors, is unquestioned. Under the act creating the city court of Bainbridge, the panel of eighteen jurors having been reduced by the engagement of one panel of the jurors upon a pending case, it was within the power of the trial judge to fill the panel to eighteen. It does not appear from the challenge that the persons summoned were not qualified to serve as jurors; and therefore the trial judge did not err in overruling this ground of the challenge.

3. According to the evidence the defendant was present upon the church grounds during a protracted service at a country church. He does not seem to have gone inside the sanctuary. During the service, according to one of the witnesses, he was engaged in searching the grounds for empty whisky bottles. However indecorous or inexplicable this conduct may have been, it can not be said that it was a violation of the law. As the congregation was dispersing the defendant was near the steps, at one of the doors of the church, and one of the worshippers, upon leaving the church, asked the accused if he had gotten "any of that whisky." The defendant seems to have objected to the question and to the veiled intimation

that he was a dispenser of intoxicating liquors, and immediately began to threaten the departing member of the congregation, who appeared to be in quest of internal spirituous refreshment and comfort. The result of the inquiry and of the defendant's remonstrances seems to have been quite a disturbance. It is well settled that the charge in an accusation that a congregation of persons lawfully assembled for divine service at a named church was disturbed can be sustained by proof that the disturbance created by the accused occurred upon the church grounds or elsewhere near enough to disturb the congregation.

4. The accused sought to defend upon the ground that any disturbance which might have resulted was justified, for the reason that it was a necessary concomitant of the act of defending himself. This court has recognized that the exercise of the right of self-defense is sometimes superior to the preservation of decorum, even in the presence of a congregation of persons assembled for divine worship. In the case of *Cummings* v. *State,* 8 *Ga. App.* 534 (69 S. E. 918), we held that one may defend against a felonious assault even though in doing so it is necessary to fire a pistol and the congregation is disturbed by the discharge. In the present case, however, while the defendant might have been acquitted if the jury had adopted his theory of the case, there is evidence upon the part of the State to the effect that there would have been no difficulty if it had not been provoked by the defendant himself. In the *Cummings* case, supra, while recognizing the right of a person to defend himself against serious bodily injury, regardless of the presence of a congregation assembled for divine worship, it is pointed out that the spirit of the law which is designed to protect divine worship from disturbance forbids the disturbance of a congregation assembled for religious service, in resentment of a mere personal affront. Granting, for the sake of the argument, that ordinarily one charged with the crime of violating the general prohibition law might be excused, if the charge is untrue, for resenting the opprobrious words with a blow, this rule can not be applied when the insult is offered at a time when resentment would inevitably lead to a disturbance of a congregation of persons assembled for religious services. As held in the *Cummings* case, the quarreling and fighting in such a case would of itself be indecent and out of place. We do not lose sight of the rule that the resentment

which is excused by law must immediately follow the provocation, and that the rule we have announced would deprive one insulted at a church of his only opportunity for personal redress: But circumstances alter cases, and while the law will justify disturbance which necessarily accompanies one's act of protecting himself from a felonious assault, and in such case the imminence of danger may justify the use of force though accompanied by disturbance, the disturbing of divine worship as a consequence of mere passion is not always justifiable, and the privilege of instantly redressing an insult (which is merely the law's concession to human frailty deemed to be universal) is not available when the provocation is trivial.

5. Some point is made on the fact that the evidence discloses that a part, if not all, of the disturbance of which the accused was the cause took place at a considerable distance from the church, and after the congregation had begun to disperse. Section 412 of the Penal Code, which is intended to prevent any disturbance of or interference with religious worship, continues the protection of the members of the congregation until they are dispersed from the place of worship. *Minter* v. *State*, 104 *Ga.* 743 (30 S. E. 989), approving the ruling in Dawson *v.* State, 7 Tex. App. 59.

*Judgment affirmed.*