## 16870.    ROWLAND *v.* THE STATE.

1. Notice to a witness, under the provision of the code that "if there be an appeal or new trial, notice of the fact, without a new subpœna, shall be sufficient to require the attendance of the witness" (Civil Code of 1910, § 5849), was not shown by the defendant's testimony that when a new trial was granted he immediately "wrote" a certain witness "at his correct address in Macon, Georgia," that he would expect that witness to be present as a witness at the time of the new trial.  Before a presumption that a letter has been received by the addressee arises, there must be affirmative proof not only that the letter was properly addressed, but that it was properly stamped and mailed.  The court did not err in overruling a motion for a continuance because of the absence of the witness referred to.

2. Under the facts of this case, in which the accusation charged the accused with the offense of disturbing divine service by using profane or obscene language and by being intoxicated and otherwise indecently acting, and further charged that at the same time and place he appeared intoxicated, a new trial was not required because the court admitted testimony that the defendant was intoxicated at the time and place alleged, over the objection that on a previous trial of this case the jury found the defendant guilty on "count one" of the accusation, and the verdict was silent as to "count two," which charged intoxication, and that therefore the defendant was acquitted on the charge of being intoxicated and could not be again tried on that charge.

3. The accused himself being present when the verdict was received, the absence of his counsel, under the facts of this case, is not cause for a new trial.

4. The verdict of guilty was authorized by the evidence.

>                         DECIDED DECEMBER 15, 1925.

Accusation of disturbing congregation; from city court of Wrightsville—Judge Blount.    September 5, 1925.

The second headnote sufficiently indicates the alleged errors complained of in grounds 5 and 6 of the motion for a new trial.

The third headnote deals with the following ground:  "7. Because the court erred in allowing the jury, in the absence of coun-

sel for the defendant, who was absent by the court's permission, to render the following verdict: 'We, the jury, find the defendant $40.00 including costs. [Signed] J. M. Powell, 8-12-1925,' and, after said verdict had been returned and while counsel was still absent by permission of the court, instructed the jury to retire to their room and make a verdict of guilty or not guilty. Said jury retired to their room and wrote, after the word 'costs' in said verdict, the word 'guilty,' and returned it in the court while counsel was still absent by permission of the court. The error being that the defendant and his counsel were entitled to be present, under the law of this State, at every stage of the trial; which action of the court denied defendant that right."

*J. L. Kent*, for plaintiff in error.

*C. S. Claxton, solicitor pro tem.*, contra.

BLOODWORTH, J. 1. The court properly overruled the ground of the motion for a new trial based upon the refusal to continue the case on account of the absence of a witness. This ground of the motion shows that a new trial had been granted the accused. When this is true, section 5849 of the Civil Code of 1910 provides that witnesses shall be given "notice of the fact." Although this ground contains a statement by the defendant that "when a new trial was granted in this case I immediately wrote Waddell Renfroe at his correct address in Macon, Georgia, that I would expect him to be present as a witness in this case at the present time," this was not sufficient. This court, citing a number of cases to support the proposition, held, in *Rawleigh Medical Co.* v. *Burney*, 25 *Ga. App.* 20 (102 S. E. 358), that "before the presumption of the receipt of a letter by the addressee arises, the evidence must affirmatively show that the letter was written, properly addressed and stamped, and mailed."

2. Even if we should concede (which we do not) that the admission of the evidence of which complaint is made in the motion for a new trial was error, it was not such an error as, under all the facts and circumstances of the case, would require the grant of a new trial.

3. The accused being present when the verdict was received, under the particular facts of this case a new trial will not be granted because of the absence of his counsel.

4. This court in *Steele* v. *State*, 24 *Ga. App.* 276 (100 S. E. 656), held: "Section 412 of the Penal Code penalizes any disturbance of a congregation of persons lawfully assembled for divine worship, either during the service or while they are dispersing after the conclusion of the service, and until all the congregation have left the church building and the church grounds. *Brown* v. *State*, 14 *Ga. App.* 21 (80 S. E. 26); *Minter* v. *State*, 104 *Ga.* 743 (30 S. E. 989). In the instant case the evidence authorized the jury to find that the congregation of persons disturbed by the defendant was lawfully assembled for divine service, and that the disturbance occurred before all the congregation had left the church grounds." See *Folds* v. *State*, 124 *Ga.* 167 (5) (51 S. E. 305). Under the rulings in the foregoing cases, there was evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*