PENN MUTUAL LIFE INSURANCE CO. *v.* BLOUNT *et al.,* trustees.

GILBERT, J. 1. Where an application for the issuance of a life-insurance policy, which is signed by the applicant, contains the following stipulations: "My statements and answers to the questions printed above, and my statements and answers made and given to the company's medical examiner, are full, complete, and true. Upon them I base my application for insurance, and agree that they shall be regarded as a part of the contract if and when issued. If the premium on the insurance herein applied for is not paid at the time of making this application, the contract of insurance shall not be in force unless or until a policy shall be issued and delivered to me and the first premium thereon actually paid during my lifetime and good health. . . I understand that neither agents nor examiners have any authority to modify, alter, or enlarge contracts;" and where the application is forwarded to the home office of the insurance company, and the company issues to the applicant a policy of insurance which is transmitted to the local soliciting agent who obtained the application, with express direction to him not to deliver the policy to the applicant unless the applicant pays the premium thereon, and where the local agent, in violation of such instruction, delivers the policy to the applicant and does not receive payment of the premium, but extends credit to him for its payment, and no valid contract of insurance thereby arises, and where the fact of the delivery and surrender of the policy by the local agent to the applicant is not actually known by any of the officials or other agents of the company, but is so known in fact only to the local agent delivering the policy, that agent's knowledge of the delivery and surrender of the policy to the applicant is not imputable to the insurance company, and is not knowledge of the company. *Rome &c. Ins. Co.* v. *Eidson,* 138 *Ga.* 592 (75 S. E. 657); *New York Life Ins. Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E.

Agency, 2 C. J. p. 476, n. 18.
Insurance, 32 C. J. p. 1060, n. 50; p. 1070, n. 61; p. 1321, n. 21.

13

183) ; Prudential Ins. Co. *v.* Moore, 231 U. S. 560 (34 Sup. Ct. 191, 58 L. ed. 367).

2. The unauthorized act of an agent, done in the principal's behalf, can not be ratified by the principal without actual knowledge of the act. The provisions of the Civil Code (1910), § 4530, have no application to the subject of waiver as related to conditions imposing forfeitures in contracts of insurance. *Wiley* v. *Rome Ins. Co.,* 12 *Ga. App.* 186, 188 (76 S. E. 1067). See also *DeVaughn* v. *McLeroy,* 82 *Ga.* 688 (10 S. E. 211); *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699 (54 S. E. 706, 28 L. R. A. (N. S.) 785); *Liverpool &c. Ins. Co.* v. *Hughes,* 145 *Ga.* 716 (89 S. E. 817); *Lee* v. *Metropolitan Life Ins. Co.,* 158 *Ga.* 523 (123 S. E. 737).

3. Counsel for the insured, during argument of the case in this court, insisted that the questions propounded by the Court of Appeals, and answered above, were not controlling, because certain material facts were not mentioned in the questions. We make no ruling upon this contention, and will not consider the evidence in order to determine the accuracy of the contention, which is a matter that will doubtless receive the attention of the Court of Appeals when the case is returned to that court.                    *All the Justices concur.*

No. 5916. NOVEMBER 18, 1927.

Questions certified by Court of Appeals (Case No. 17350).

*Callaway & Howard* and *Fullbright & Burney,* for plaintiff in error.

*Fleming & Fleming,* contra.