29227. ESTES *et al. v.* STANDARD FIRE INSURANCE CO.

*E. D. Kenyon, Wheeler, Robinson & Thurmond,* for plaintiffs.

*Bryan, Middlebrooks & Carter, William P. Whelchel,* for defendant.

FELTON, J. Horace Small and Carter Estes sued the Standard Fire Insurance Company to recover for a fire loss under a policy issued to them by the defendant. The judge tried the case on an agreed statement of facts, without a jury, and found for the defendant. The plaintiffs excepted to the overruling of their motion for new trial.

The statement of facts as agreed upon by the parties is as follows: "1. On the third day of April, 1936, the defendant issued and delivered to the plaintiffs its policy No. 193258, insuring plaintiffs against loss caused by the damage to or destruction of property described in the policy by fire, for a period of twelve months from April 3, 1936. . . 2. On April 6, 1936, after the policy had been issued and delivered, a tornado or violent windstorm occurred at, in or around the premises where the insureds' property was located. The said tornado and windstorm caused a material part of the building described in the policy to fall. The said building was the building in which the insureds' stock and fixtures were located. Said fall of the material part of the building occurred prior to the time the property insured was attacked by fire. Later on during the day, some two hours or more after the tornado had caused a material part of the building to fall, the insured property was destroyed by fire. 3. Within two or three days from April 6, 1936, the defendant sent an adjustor to Gainesville to investigate the liability or non-liability of the defendant under the policy above referred to and also under other policies

issued to other insureds. . . 6. Under date of May 13, 1936, plaintiffs mailed to the defendant proofs of loss, as provided by the terms of the policy, which were received in due course, and demanded payment of the alleged loss under the terms of the policy. . . 7. At the time the policy was issued and delivered defendant's agent at Gainesville, who issued and delivered the same, did not collect from the insureds the amount of the premium but charged it to their account. 8. On June 20, 1936, defendant's said agent at Gainesville sent to the defendant a check for $121.92, which included the full amount of the premium charged by the company as a consideration for issuing the said policy, together with certain premiums for other policies issued by the defendant to other insureds. 9. On July 27, 1936, the defendant wrote to the plaintiffs a letter acknowledging receipt of the proof of loss above referred to and denying liability under the policy and stating that the unearned premium on the policy would be refunded to the plaintiffs by the defendant upon surrender of the policy. Said letter was received by the plaintiffs on July 28, 1936, by registered mail. . . 10. On August 10, 1936, the plaintiffs paid the defendant's local agent who issued said policy the sum of $100 on account of insurance premiums covering the policy above referred to and other policies, and on September 15, 1936, plaintiffs paid the defendant's local agent who issued policy the sum of $78.55 which was in full payment to said agent for all premiums due for insurance, including the policy sued on and other policies. . ." (The investigation referred to in paragraph 3 of the agreed statement of facts showed without question that the building in which plaintiffs' goods were stored fell before the building and goods were destroyed by fire.)

The policy contained the following provisions: "This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive any provisions or conditions of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon and added hereto; and as to such pro-

visions and conditions no officer, agent, or other representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached. . . If a building or any part thereof fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease. . . The policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice it shall retain only the pro-rata premium."

The plaintiff in error contends that the case is controlled by the following principle of law, stated in 29 Am. Jur. 653, § 857: "It is a well-settled principle of law that an insurer which, with knowledge of facts entitling it to treat a policy as no longer in force, receives and accepts a premium on the policy, is estopped to take advantage of the forfeiture. It can not treat the policy as void for the purpose of defense to an action to recover for a loss thereafter occurring, and at the same time treat it as valid for the purpose of earning and collecting further premium." Assuming but not deciding that, if the authorized officers or agents of the company accepted a premium directly from the insured after it had knowledge of facts which defeated all liability on the policy, the company would be deemed to have waived non-liability, and would have been bound on it despite the facts which would have defeated liability but for the waiver, we do not have such a set of facts and circumstances in this case. In this case there is no evidence that the officers and agents of the company, authorized to make waivers, knew that the insureds paid the premium after liability under the policy had ceased. Under the terms of the policy the local agents had no right to make a waiver except as provided by the policy, and if they attempted to do so otherwise the company could not be held to ratify a waiver by local agents when the company is not

shown to have *actually* known of the material facts.  *Penn Mutual Life Insurance Co.* v. *Blount,* 165 *Ga.* 193 (140 S. E. 496).  So there was no ratification by the company of an unauthorized waiver by local agents.

Neither can it be held that the company waived its non-liability under the policy.  At the time the company received the premium from its local agents the insureds had not paid the local agents, and the company is not shown to have known that the insureds had paid the premium after the policy had become inoperative. Even if it can be said that the local agents collected the premium as agents of the defendant, having advanced the company's part to it, there is still no evidence that the defendant company ever knew that the insureds paid the premium after the loss.  "Waiver is the *intentional* relinquishment of a *known* right."  The company had a right to assume that the insureds paid the premium when the policy was issued or before a loss.  If it is not shown that the company knew that it was waiving a right by receiving the premium no waiver is shown.  If the company received the money paid before the fire it would have owed the insureds only the duty under the policy to return the unearned portion of the premium to them upon the surrender of the policy.  The knowledge of an agent which is imputable to a principal is the knowledge which is acquired during the performance of authorized duties. Code, § 4-309; *Georgia Power Co.* v. *Kinard,* 47 *Ga. App.* 483 (170 S. E. 688), and cit.; 2 Amer. Jur. 286, § 368.  The moment the knowledge of the fire was brought to the local agents they knew for the first time that the premium had not been paid by the insureds before the loss occurred, and they were at that time without authority under the policy to do anything toward a waiver of non-liability except as provided for in the policy.  The remittance by the local agents to the company after the loss was not authorized in so far as having the effect of waiving the non-liability was concerned, in the absence of actual notice to the company as to the fact that the insureds had not paid the premium before the loss. The knowledge of the local agents as to the fact that the premium was not paid by the insureds before the loss is not, under the facts of this case, imputable to the company, because the policy had been delivered at the time of the payments to the agents and the more comprehensive authority of the local agents had been reduced

and circumscribed by the terms of the policy. It can not be said that the company knowingly relinquished its right to rely on its right of non-liability under the terms of the policy. Cases cited which involve knowledge of local agents at the time of the issuance of the policies, and when their authority was not prescribed by the terms of the policies, are not in point. A statement in the case of *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256, 281 (30 S. E. 918, 42 L. R. A. 261), to the effect that "As a general rule, the receipt by the insurer of the premium after maturity is a waiver of the forfeiture which would otherwise take place; and this is true even though the payment be made to an agent of the insurer, who does not disclose to his principal when transmitting the amount collected that it has been paid by the insured after the premium was due," is not authority to the contrary of what is herein held for two reasons. In the first place the second sentence of the quotation was not necessary to a decision of the point ruled on, because the evidence did not show that an agent who collected the premium failed to advise the principal that it was paid after due. In the second place there was no limitation on the authority of the agent as there is in this case.

The court correctly found for the insurance company under the facts and it was not error to overrule the motion for a new trial.

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. I am of the opinion that there was a waiver by the company in offering to return the unearned premiums upon the surrender of the policy.