23699. HOLT et al. v. CLAIRMONT DEVELOPMENT COMPANY, INC.

ARGUED SEPTEMBER 14, 1966—DECIDED OCTOBER 6, 1966.

*Stark & Stark, Homer M. Stark, Hope D. Stark,* for appellants.

*Duncan & Wall, J. J. Wall, R. F. Duncan,* for appellee.

Cook, Justice. The Clairmont Development Company, Inc., filed a mandamus proceeding against W. Grady Holt, as Zoning Administrator, and Secretary for the Gwinnett County Zoning and Planning Board and the County Board of Appeals, and three named members of the County Board of Appeals, to require the issuance to the company of a certificate of zoning compliance as provided for in Art. 21, Sec. B, Subpar. 2 of the Zoning Ordinance of Gwinnett County. In their answer the defendants denied each and every paragraph of the petition except the paragraph alleging jurisdiction, and prayed for a jury trial.

This is the second appearance of this case. See *Clairmont Development Co. v. Morgan,* 222 Ga. 255 (149 SE2d 489). In the former appearance this court reversed the judgment of the trial judge sustaining a general demurrer to the petition. When the remittitur from this court was made the judgment of the trial court, that court issued a rule nisi requiring the defendants to show cause why the mandamus should not issue as prayed. Pursuant to the rule nisi, hearing was held, after which the trial judge issued a mandamus absolute. He recited in his order that he had given consideration to "the pleadings, evidence, argument and statement of counsel," and further that "there is no issue of fact to be submitted to a jury, although counsel for the defendants has demanded a jury trial. . ." The appeal is from this order. The only assignment of error is the refusal of the trial judge to submit the case to a jury "when the answer of the appellants raised an issue of fact." No transcript of the evidence submitted to the trial judge was filed with this record.

1. "If an issue of fact is involved in a mandamus case, such issue shall be tried by a jury." *Bryant v. Board of Education of Colquitt County,* 156 Ga. 688 (119 SE 601); Code § 64-108. It is contended in the brief of the appellants that their answer denied that the appellee had entered into a binding contract to purchase the property described in the petition, and that this denial raised an issue of fact for jury determination.

Questions of law in a mandamus case are not referable to a

jury. *Hancock v. Rush,* 181 Ga. 587, 597 (183 SE 554). No attack was made in the answer on the validity of the contract, and the construction and legal effect of a written contract is for determination by the court and not by a jury. *Code* § 20-701.

2. The second contention urged by the appellants in their brief is that their denial that the property had been rezoned from residential to commercial property raised an issue of fact for jury determination. The rezoning of the property would be in the nature of a county ordinance, which would be recorded in the official minutes of the county commissioners. *Code* § 23-908. The existence of a county ordinance can not be proved by parol evidence. *Gordy v. Dunwody,* 210 Ga. 810, 816 (83 SE2d 7). Therefore this question was one for determination by the court and not by the jury.

3. The final contention of the appellants is that the denial of the allegation that the appellee had expended a great deal of time, effort, and money to plan and develop the property on the faith of the action taken by the county authorities raised an issue of fact for jury determination.

In paragraph 3 of the original petition for mandamus the appellee alleged that the property described was in a district of Gwinnett County which had been zoned as commercial. This allegation was denied by the answer of the appellants, and it was alleged in the answer that on August 17, 1965, the Commissioners of Roads and Revenues of Gwinnett County adopted a resolution disapproving the appellee's application to rezone the property from residential use to commercial use. By an amendment to the petition the appellee alleged that on August 17, 1965, the Commissioners of Roads and Revenues of Gwinnett County zoned the land as a commercial district. This amendment alleged that on the faith of the action taken by the county commissioners, the appellee expended a great deal of time, effort, and money to plan and develop the property as a shopping center.

The only substantial issue made by these pleadings is whether the county commissioners on August 17, 1965, zoned the property for commercial use. Neither the petition as amended, nor the answer, makes any contention that after the action of the commissioners on August 17, 1965, the commissioners attempted to

change the use from commercial back to residential. This allegation was made in the petition for injunction involving the same property, dealt with in *Clairmont Development Co. v. Morgan*, 222 Ga. 255, supra, but not in the mandamus case now under review. The allegations with reference to the expenditure of time, money, and effort, even though denied by the appellants, present no substantial issue in the present case.

Since it does not appear that there was any substantial issue of fact which should have been presented to the jury, it was not error for the trial judge to make a determination of the legal effect of the contract of the appellee and the applicable zoning ordinances. There is no transcript of the evidence before the trial judge, and we must presume that he correctly determined the legal significance of the documents before him.

*Judgment affirmed. All the Justices concur.*