44969.   JONES v. NORTH CAROLINA MUTUAL
LIFE INSURANCE COMPANY.

Submitted January 12, 1970—Decided July 6, 1970—
Rehearing denied July 31, 1970—

384

*Charles D. Wheeler,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellee.

Deen, Judge. Headnote 1 needs no elaboration. Since the policy although issued was not delivered during the lifetime of the appli-

cant, its provisions are immaterial (*Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17, 19 (147 SE2d 5)) and the existence of liability must depend on whether the binder was in effect on December 2, the date of death.

It is elementary that the application and the binder receipt must be construed together. Looking at both and giving to them a reasonable construction it is apparent that the insurer intended to be bound if (a) the first full premium was paid in advance (b) the insured was found to be a good risk after a medical examination and (c) that if these conditions were met *coverage would begin on the date of completion of the medical examination.*

These conditions were met. The insured elected in his application to pay premiums on a quarterly basis. The company does not deny that a full quarterly premium was received by it prior to the completion of the examination. The company's medical examiner completed his examination on November 30, 1967, his report considering the applicant a "first class risk."

Clearly, under the stated terms and conditions, the policy took effect on this date and was in effect when the insured was fatally injured on December 1, 1967.

From the record, it is clear that the company's position in offering to return the full premium, was only that the insured *was not alive* on the date the policy was issued by the company. This provision in the receipt was immaterial and irrelevant since the effective date of the insurance was from the "date of completion of the examination" where a full first premium had been paid by applicant and received by the company. The company never denied that a first full premium was received prior to the medical examination and that the medical examination was completed and showed applicant an acceptable risk.

While for purposes of this motion it is established that the first full quarterly premium was received prior to the completion of the medical examination on November 27, and that the insured was in good health at that time, it is contended by the insurer that the binder did not become effective because the fact of full payment does not appear thereon. The agent could of course have amended the binder receipt by showing payment of the balance of the first full premium, but he did not in fact do so. The omission,

if material, should therefore be charged to the defendant's agent and not to the applicant. But we do not consider this fact material in view of *Dunn v. Abrams,* 97 Ga. 762, 763 (25 SE 766) where it was held: "The recital of nonpayment in the application is not conclusive as to the fact of payment, and when as a matter of fact it was paid, and the company issued its regular receipt therefor, this was a compliance with the above requirement in the face of the policy, and it was not invalid because of such recital in the application." The recital of partial payment is not conclusive against the plaintiff where the full first premium was in fact paid prior to the effective date of the binder (November 27) and during the good health of the insured. Insurance contracts, like any others, are to be construed according to the manifest intention of the parties, avoiding forfeiture unless absolutely necessary. *Penn Mut. Life Ins. Co. v. Childs,* 65 Ga. App. 468 (16 SE2d 103); *Atlas Assur. Co. v. Lies,* 70 Ga. App. 162 (27 SE2d 791); Royal Exch. Assur. of London v. Thrower, 240 F. 811. In *Guest v. Kennesaw Life &c. Ins. Co.,* 97 Ga. App. 840 (3) (104 SE2d 633) it was held that the binder was effective although an amount less than the full first premium was paid, it being "sufficient to cover the insured between the acceptance of the risk and delivery of the policy." Here the *full* premium had been paid at the time of acceptance of the risk, and the fact that the defendant's agent did not reissue a binder receipt to reflect this fact can not be allowed to work a forfeiture against the plaintiff.

*Judgment reversed. Bell, C. J., Jordan, P. J., Whitman and Evans, JJ., concur. Hall, P. J., Eberhardt, Pannell and Quillian, JJ., dissent.*

HALL, Presiding Judge, dissenting. The majority opinion begins by citing as the first authority for denying the motion for summary judgment two cases involving disputes on issues of fact. I see no relevance in these citations. It is true that because of rules governing the burden on a motion of summary judgment, this court has held that the motion is not normally an appropriate remedy in *negligence cases* involving close questions on the matters of negligence, assumption of risk, lack of ordinary care and comparative negligence. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178) and *Hanchey v. Hart,* 120 Ga. App. 677

(171 SE2d 918). To extend this principle to a contract case in which the facts are undisputed is to me incomprehensible. It is elementary law under both the Code and court decisions that "The construction of a contract is a question of law for the court." *Code* § 20-701; *Holt v. Clairmont Development Co.*, 222 Ga. 598 (151 SE2d 151); *Bennett v. Kimsey*, 218 Ga. 470 (128 SE2d 506). It is equally elementary that "It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties." *Carr v. Louisville & N. R. Co.*, 141 Ga. 219, 222 (80 SE 716); *Gray v. Aiken*, 205 Ga. 649, 652 (54 SE2d 587); *Wolverine Ins. Co. v. Jack Jordan, Inc.*, 213 Ga. 299, 303 (99 SE2d 95). As Justice Cardozo said, "We are not at liberty to revise while professing to construe." Sun Printing &c. Assn. v. Remington Paper &c. Co., 235 N. Y. 338, 346 (139 NE 470).

"We do not write on a clean slate" in this case. United States v. South Buffalo R., 333 U. S. 771, 774 (68 SC 868, 92 LE 1077). There are many precedents on this question. For example, the majority has done exactly what the Supreme Court condemned in *Woodmen of the World Life Ins. Society v. Etheridge*, 223 Ga. 231 (154 SE2d 369). In an opinion written by the late Chief Justice Duckworth the court stated that to say a contract of insurance came into being "is to ignore parts of the documents and give effect to other parts plainly dependent upon the ignored parts for validity. . . An unambiguous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured." Pp. 234, 235. As Justice Holmes said, "Every contract is the acceptance of some inequality." Power Mfg. Co. v. Saunders, 274 U. S. 490, 498 (47 SC 678, 71 LE 1165). He also said "In most contracts men take the risk of events over which they have imperfect or no control." Ferry v. Ramsey, 277 U. S. 88, 95 (48 SC 443, 72 LE 796).

The intent of the contracting parties is the written agreement and the words of the agreement are the symbols they use to manifest their intent. Let us look at the agreement. Under the general provisions of both the application and the policy, the life insurance coverage in this case would not become effective until the policy had been delivered. It was never delivered. The only exception is provided in both the application and the policy. The excep-

tion in the policy states: "If the first premium is paid in exchange for a conditional receipt on the date of the application, then this policy will become effective *as provided in the conditional receipt.*" The exception in the application states: "If the full first premium is paid in advance to an authorized agent of the company‚ while the proposed insured is in good health and the receipt on the form attached hereto delivered to the applicant, then the liability of the company shall be *as stated in such receipt.*" (Emphasis supplied.) It would seem that under any literary standard the terms of the receipt are made a part of both the application and the policy.

"The so-called binding receipt does not give unconditional immediate life insurance coverage. The provision that if the premium is paid in advance the insurance applied for will be paid if the applicant dies before the policy is issued, is contingent upon conditions expressed in the application and receipt." 17 Encyclopedia of Georgia Law 583, Insurance, § 333. See also Justice Nesbit's opinion in *Mutual Benefit Life Ins. Co. v. Ruse,* 8 Ga. 534, 544; *McGlothin v. United States Nat. Life &c. Co.,* 36 Ga. App. 325 (3) (136 SE 535).

What are the conditions here? The conditional receipt contains the following unambiguous declarative sentence: "If a *full first premium in accordance with the published rates of the company* for the form of policy applied for *has been paid at the time of making such application, and such payment is indicated thereon,* the insurance, subject to the terms and conditions of the policy contract applied for and in use by the company at this date, shall take effect on the date hereof if non-medical or if medical examination is required, *from date of completion of the examination,* provided the application is completed as agreed therein and provided the applicant is on this date a risk acceptable to the company under its rules, limits and standards, on the plan, and provided further that applicant is on this date in good health; otherwise the payment evidenced hereby shall be returned upon demand and surrender of this receipt." (Emphasis supplied.) The application and the *undisputed evidence* shows that two of these conditions were never met. The applicant elected to pay the premium quarterly, and it amounted to $45.40. The only amount paid "at the time of making such application" was a $10 deposit. The only payment "indicated thereon" was the $10 deposit. "Whatever

the consequences we must accept the plain meaning of 'plain words." States v. Brown, 206 U. S. 240, 244 (27 SC 620, 51 LE 1046).

Under the decisions of both this court and the Supreme Court, no contract of insurance came into existence under the terms of this receipt. *Saddler v. Cotton States Life &c. Ins. Co.,* 101 Ga. App. 866, 871 (115 SE2d 398); *Reese v. Fidelity Mut. Life Assn.,* 111 Ga. 482 (36 SE 637); *Mut. Reserve Fund Life Assn. v. Stephens,* 115 Ga. 192 (41 SE 679); *Penn Mut. Life Ins. Co. v. Blount,* 165 Ga. 193 (140 SE 496); *Woodmen of the World Life Ins. Society v. Etheridge,* 223 Ga. 231, supra.

*Guest v. Kennesaw Life &c. Ins. Co.,* 97 Ga. App. 840 (104 SE2d 633), in no way supports the majority opinion. The agent there did not receive a mere deposit but issued a receipt saying "Received . . . the sum of $6.25 *for the full first premium."* Also neither the *Guest* application nor the receipt required endorsement on the face of the application that the full first premium had been paid.

*Dunn v. Abrams,* 97 Ga. 762, 763 (25 SE 766) is completely inapposite to the facts in this case. The only policy condition there was: "This policy shall not take effect until the first premium is paid while the insured is in good health." The court held that a recital of nonpayment in the application was not conclusive as to the fact of payment, and since the premium was *in fact* paid, the condition was met and the policy was valid. Here the condition is that the full premium must be paid *at the time the conditional receipt is issued* and payment must be *indicated thereon.* Neither, in fact, was done. Further, the *Dunn* case was a suit on a note given by the policyholder to the agent for the amount of the premium, and it was the policyholder who claimed the policy was ineffective as part of his defense to the suit (failure of consideration).

What the majority of the court has done in this case is without precedent. Let us hope that it will also be without progeny.

I am authorized to state that Judges Eberhardt and Pannell concur in this dissent.