27914. JACKSON et al. v. GASSES.

ARGUED MAY 14, 1973 — DECIDED JUNE 21, 1973.

*Ben R. Freeman,* for appellants.
*Elliott & Turner, David Turner, Jr.,* for appellee.

GRICE, Presiding Justice. The issue here is whether the trial court erred in enjoining the Board of Commissioners of Meriwether County from locating the county jail outside the city limits of Greenville, Georgia, the county site of that county.

This issue arose when C. A. Gasses filed a complaint in the Superior Court of Meriwether County against Wofford Jackson and others comprising the board of commissioners of the county, seeking injunctive relief against the location and expenditure of funds for that purpose, and asserting that such location is contrary to the Constitution and laws of this state.

To this complaint the board of commissioners filed an answer alleging in essential part that the present jail is 75 years old, in a bad state of repair and is unsafe; that the cost of renovating would be a wasteful expenditure of county funds; and that the county has a lease on adequate facilities, a former state prison camp, for relocation of the jail for the sum of $1.00 a year, whereas the cost of a new jail within the city limits would amount to "hundreds of thousands of dollars of the taxpayers money."

The matter came on for final disposition by the trial judge without a jury, pursuant to stipulation including essentially that Greenville, Georgia, is the county site of Meriwether County and has been since 1828; that the county jail is presently located within the city limits

of Greenville; that the board of commissioners are proceeding to locate the county jail outside the city limits of Greenville; and that the board of commissioners have secured a lease on certain property for the purpose of locating the county jail there. The judgment permanently enjoined the board of commissioners and their agents from locating the jail as aforesaid. This appeal is from that judgment.

In our view the trial court erred. We have found no law or decision of this court and none has been called to our attention, which restricts the Board of Commissioners of Meriwether County in determining where the jail should be located.

No such restriction is found in the Act of the General Assembly approved December 24, 1827 (Ga. L. 1827, p. 65 et seq.) providing for the organization of this and five other adjacent counties. The power thereby vested in the justices of the inferior court did not forever tie the hands of the county governing authority in regard to location of necessary public buildings.

It is significant that there are statutes that place the duty and responsibility upon county governing authorities to repair and maintain in proper order at public expense the county buildings, which include the the county jail. See Code §§ 91-701, 91-702, 91-805.

However, what we regard as controlling is the Home Rule Amendment of 1966 (Ga. Const. Art. XV, Sec. II-A, Par. I; Code Ann. § 2-8402). This gives the governing authority the power to adopt reasonable "regulations relative to its property" for which no provision has been made by general law and which is not inconsistent with the Constitution. This provision is broad enough to give the Board of Commissioners discretion to locate administrative facilities and services such as jails, correctional camps, health clinics, hospitals, public housing and the like.

We conclude that the location of an administrative

facility such as a jail under the facts in this record is an authorized and reasonable action on the part of the board of commissioners.

This conclusion is not precluded by the constitutional provision prohibiting the change or removal of a county site except by vote (Art. XI, Sec. I, Par. IX; Code Ann. § 2-7809). That provision relates to change or removal from such site of the courthouse, courts and the places of transacting the official business of the county, but not to administrative facilities such as jails.

*Judgment reversed. All the Justices concur, except Undercofler and Hawes, JJ., who dissent.*

UNDERCOFLER, Justice, dissenting. A jail is a necessary public building. *Shepherd v. State,* 16 Ga. App. 248 (85 SE 83). "It is the duty of the ordinaries or other authorities to erect or repair, when necessary, their respective courthouses and jails, and all other necessary county buildings, to furnish each with all the furniture necessary for the different rooms, offices, or cells. . ." Code § 91-702. All necessary public buildings for Meriwether County have been directed to be located at the county seat which has been designated as the City of Greenville. Ga. L. 1827, p. 65. Under this Act the county commissioners of Meriwether County are required to locate the public jail within the county seat. *Allen v. Lytle,* 114 Ga. 275 (2) (40 SE 238); 20 CJS 831, § 73.

I am authorized to state that Mr. Justice Hawes concurs in this dissent.