30088, 30089. BREWSTER et al. v. HOUSTON COUNTY et al.; and vice versa.

NICHOLS, Chief Justice.

The plaintiffs in the trial court, citizens of Houston County, filed a complaint in three counts in which they sought to enjoin the Board of Commissioners of Houston County and the sheriff of Houston County from maintaining offices in Warner Robins, when the county seat of Houston County is Perry. It is alleged that during the last two years the commissioners have gradually moved the county offices from Perry to Warner Robins, and that only a token office is maintained at the county site. The remaining count of the petition complained of the funding of the State Court of Houston County. This count (Count 1) is no longer involved in this action. The judgment appealed from is as follows:

"The foregoing matter having come on to be heard

before me, after hearing of evidence, entry of stipulations and consideration of argument and briefs of counsel, the Court makes the following findings of fact and conclusions of law . . .

". . . As to count 2. Findings of Fact: I find that pursuant to purported statutory authority (Ga. L. 1963, p. 2169), the county commissioners have been holding meetings and taking official action in Warner Robins, which is outside the county seat of Houston County. I further find that the county commissioners have rented office space from the City of Warner Robins and a number of county facilities, including the main administrative office of the clerk of the county commissioners, are located there. I find that except for the official actions of the board of commissioners as hereinafter defined, the activities and services presently maintained and conducted in the City of Warner Robins are administrative in nature.

"Conclusions of Law: I conclude that under the Constitution and the laws of Georgia and especially the so-called Home Rule Amendment to the Constitution of the State of Georgia, Article XV, Section 11-A, Paragraph 1 (Sec. 2-8402, Ga. Code Ann.), the Board of Commissioners is authorized to locate administrative offices and facilities outside the county seat, *Jackson, et al. v. Gasses,* 230 Ga. 712, and that the plaintiffs are not entitled to the relief sought with respect to the operation and funding of such administrative facilities. Therefore, the relief sought by the plaintiffs in Count 2 of the complaint is to that extent denied.

"I further conclude that the action of the County Commissioners in conducting official business in Warner Robins violate Article XI, Section I, Paragraph IX (Sec. 2-7809, Ga. Code Ann.), of the Constitution of the State of Georgia. For the purposes of this ruling and order, official county business is defined as the decision making process of the board which includes the deliberation and voting on any issue of county business. Deliberation and voting on any issue must be conducted in the county site and citizens of the county must be afforded an opportunity to be heard at the county site as to any issue of county business. Therefore, it is ordered that the Commissioners of Houston County be, and they are hereby restrained and

enjoined from conducting official county business, as defined herein, outside the county site.

"Since the plaintiffs did not seek any relief with respect to actions of that nature previously taken, this order is not to be construed as vitiating any such action, nor is it the purpose of this order to prevent the Board, if it so chooses, from hearing from interested citizens in places other than the county site as a matter of convenience to those citizens.

"As to Count 3. Findings of Fact: I find the sheriff in fact maintains an office in the courthouse in Perry. I further find, however, that the vast amount of the activities of the sheriff's office are located in Warner Robins and I further find that the vast majority of the activities requiring action by the Sheriff occur in the Warner Robins area.

"Conclusions of Law: I conclude that there is no statutory prohibition against the Sheriff maintaining offices in the county outside of the county site so long as he complies with the statute which requires him to maintain his office in the courthouse in Perry. Having concluded as a fact that the Sheriff does maintain such an office, albeit smaller in scope and function than the one in Warner Robins, the relief sought by the plaintiffs under Count Three is hereby denied."

The plaintiffs in the trial court (appellants in the main appeal) enumerate as error the holding, with respect to Count 2, that the county commissioners were only required to conduct deliberation and voting on issue of the county site and in holding that other activities were administrative and could be located outside the county site. As to Count 3, the contention is made that the trial court erred in finding that the sheriff sufficiently maintained his office at the county site.

In the cross appeal, the county commissioners contend that the trial court erred in requiring that deliberation and voting on any issue must be conducted in the county site and citizens of the county must be afforded an opportunity to be heard at the county site as to any issue of county business.

In 1823 (Ga. L. 1823, p. 172) the General Assembly designated the county site of Houston County as Perry

and provided "The public business of said county shall be conducted at the public site, any law to the contrary notwithstanding." Under the decision relied upon by the trial court, *Jackson v. Gasses*, 230 Ga. 712 (198 SE2d 657), in which the effect of the Home Rule Amendment of 1966 (Ga. Constitution, Art. XV, Sec. IIa, Par. I; Code Ann. § 2-8402) was construed the judgment of the trial court requiring official county business (decision making process of the board which includes deliberation and voting on any issue of county business) to be conducted at the county site but permitting administrative facilities to be located outside the county site was not error.

Under the facts in this case where the sheriff maintains an office in the courthouse at the county site but the vast amount of the activities of the sheriff's office are located in the Warner Robins area of the county, it was not error to deny the relief sought by the plaintiffs in the trial court as to Count 3 of their complaint.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 7, 1975 — DECIDED SEPTEMBER 11, 1975.

*Byrd, Groover & Buford, Denmark Groover, Jr., Austin J. Kemp, Solicitor, Paul Armitage, Judge,* for Brewster et al.

*Austin J. Kemp, Solicitor, Walker D. Burke, Paul Armitage, Judge, Harold Sheats,* for Houston County, Ga., et al.