### 33384. DOZIER et al. v. NORRIS et al.

PER CURIAM.

The appellants, citizens and taxpayers of Columbia County, enumerate as error various sections of the order of the trial court denying the injunctive relief, mandamus absolute, and other relief they had sought against the appellee county commissioners and county comptroller of Columbia County.

1. The county commissioners have conducted their official meetings in Martinez, Georgia, as well as in Appling, Georgia. Appling is the county site or county seat of Columbia County. The Columbia County courthouse and jail are located in Appling in accordance with Ga. L. 1794, p. 173.

The Act creating the county commissioners in Columbia County provides, in relevant part, that they "shall meet at the court-house in said county on the first Tuesday in each month, and on such other days as the business of the county may require, or when called in session by the chairman of the board, or as said board may determine." Ga. L. 1927, pp. 549, 550.

Appellees contend that since they regularly meet in the county courthouse in Appling on the first Tuesday of each month to conduct their official business, they are satisfying the requirements of the 1927 Act albeit they also hold official meetings from time to time in Martinez. Specifically, appellees urge that the 1927 Act contains no limitation as to *where* the meetings other than the first Tuesday meetings shall be held; hence, that the other meetings may be held in a place of the commissioners' choice, which happens to be Martinez.

Appellants correctly point out that the language of the 1927 Act immediately following the portion of the Act referring to the first Tuesday meeting relates alone to *when* the other meetings may be held, not to *where* they shall be held, the only official meeting place authorized by the 1927 Act being the courthouse in Appling.

The trial court erred in holding that official meetings

of the county commissioners of Columbia County may be held in places other than the courthouse in Appling. See *Brewster v. Houston County,* 235 Ga. 68 (218 SE2d 748) (1975), which relied upon a similar Act of the General Assembly applicable to Houston County and upon the case of *Jackson v. Gasses,* 230 Ga. 712 (198 SE2d 657) (1973).

2. Appellants allege and the county commissioners admit that the commissioners have established certain county offices in Martinez and that the commissioners intend to construct there a county building. The commissioners concede that the superior court, the probate judge, and the offices of the clerk of the superior court, the tax commissioner, the county commission, and the sheriff, as well as the county jail, must be maintained in Appling. The appellants acknowledged that these governmental functions are, in fact, being maintained in Appling. See Art. IX, Sec. I, Par. V of the Constitution of 1976 (Code Ann. § 2-5805; Code Ann. §§ 24-1714, 24-2609, 24-2714 and 24-2810; Ga. L. 1794, p. 173).

In reliance on the decision of this court in *Jackson v. Gasses,* 230 Ga. 712, supra, the appellees contend that they properly have located in Martinez the offices of the county comptroller, the county engineer, the zoning administrator, the electrical inspector, the water and sewer department, and the occupational and professional tax department, and that they properly are planning to construct in Martinez a building to house the departments of finance, personnel, budget, grants, planning, zoning, the county engineer, and a second office for the chairman of the county commission. The main office of the commission is to remain in Appling.

In *Jackson v. Gasses,* supra, this court in a divided opinion held that under the 1966 Home Rule Amendment (Code Ann. § 2-5901) a county jail could be located other than in the county seat, there being no provision of law or of the Constitution either cited or found to the contrary. This court said that the 1966 Home Rule Amendment "is broad enough to give the board of commissioners discretion to locate administrative facilities such as jails, correctional camps, health clinics, hospitals, public housing and the like." It is conceded in the present case

that Ga. L. 1794, p. 173, requires the county jail to be located in Appling.

There being no evidence in the record to establish that the offices now located and to be located in Martinez perform other than administrative functions, and there being no provision of law or of the Constitution either cited or found demanding action contrary to the action of the commissioners taken pursuant to the 1966 Home Rule Amendment, the trial court did not err in denying injunctive relief and mandamus absolute against the commissioners regarding the establishment in Martinez of offices to perform administrative services.

3. Appellants enumerate as error the failure of the trial court to hold that the commissioners violated the "sunshine law" (Code Ann. § 40-3301, et seq.), by conducting an alleged to be "secret" meeting in one of the commissioner's homes.

As trier of the facts, the trial court found that there was no evidence that the meeting in question was "secret," which is tantamount to a finding that it was open to the public. The "sunshine law" does not require notice to the public of governmental meetings; rather, it merely requires meetings to be open to the public. *Harms v. Adams,* 238 Ga. 186 (232 SE2d 61) (1977).

The trial court realized and this court realizes the potential for abuse when meetings that are open to the public are held away from their usual places. However, on the facts of this particular case, which are that the commissioners hurriedly were meeting to avoid loss of state funds by appointing someone to sign in behalf of the commission during the hospitalization of the commission chairman, this court is unprepared to hold that the trial court erred by refusing to hold that the commissioners had violated the "sunshine law."

4. There is no merit in appellants' contentions that the trial court erred in failing to strike the defendants' answer because the verification attached thereto did not comply strictly with a local rule of court.

5. There is no merit in the appellants' contention that the trial court erred in issuing a final order after the interlocutory hearing. The relevant and material facts as to what the commissioners had done, were doing and were

planning to do were not in issue. See *Holt v. Clairmont Development Co.,* 222 Ga. 598 (151 SE2d 151) (1966). The issues presented to the trial court for decision turned upon application and interpretation of law. Where there are no issues of fact vital to the questions of law presented, the trial court may. enter a final judgment after the interlocutory hearing. *Phillips v. Gladney,* 234 Ga. 399, 402 (3) (216 SE2d 297) (1975). Furthermore, submission of issues of fact to the court in a mandamus action waives trial by jury. *Talmadge v. Cordell,* 170 Ga. 13 (1) (152 SE 91) (1929).

By supplementary order the trial court recited that counsel for appellants, as well as counsel for appellees, requested early trial of the issues before the court due to the fact that a federal grant for construction of the offices at Martinez would be. lost if construction did not commence thereon by a certain date. Appellants may not challenge that order. Code Ann. § 6-805 (f), (g); *Bradley v. Bradley,* 233 Ga. 83, 86 (210 SE2d 1) (1974).

6. The remaining enumerations of error are wholly lacking in merit.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED MARCH 15, 1978 — DECIDED APRIL 18, 1978.

*Fleming, Blanchard & Thompson, James G. Blanchard, Jr., Randall Evans, Jr.,* for appellants.
*Burnside, Dye, Miller & Bowen, A. Rowland Dye, E. Freeman Leverett,* for appellees.